**FRANKLIN v. CARTER, State Auditor of Oklahoma.**

No. 412.

Circuit Court of Appeals, Tenth Circuit.
July 8, 1931.

346

Streeter B. Flynn, of Oklahoma City, Okl. (Geo. Otey, of Ardmore, Okl., and R. M. Rainey and Rainey, Flynn, Green & Anderson, all of Oklahoma City, Okl., on the brief), for appellant.

F. M. Dudley, Asst. Atty. Gen., of Oklahoma (J. Berry King, Atty. Gen., of Oklahoma, on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a suit to recover $3,405.81 paid under protest by appellant as income taxes for 1929.

The petition alleged that appellant was a resident of Oklahoma engaged in the production and sale of oil and gas in competition with corporations doing a like business in that state; that sections 9934 to 9945, inclusive, C. O. S. 1921, purport to impose a tax upon his income and to exempt the income of corporations from such tax; that such exemption is discriminatory and deprives him of due process of law and the equal protection of the laws in contravention of the Fourteenth Amendment to the United States constitution. The trial court sustained a demurrer to the petition.

Section 9934, C. O. S. 1921, in part provides: "Each and every person in this state shall be liable to an annual tax upon the entire net income of such person arising or accruing from all sources during the preceding calendar year, and a like tax shall be levied, assessed, collected and paid annually upon the entire net income from all property owned and all other business, trade or profession carried on in this State by persons residing elsewhere."

Section 9938, C. O. S. 1921, in part provides: "The term 'income' as used in this act shall include: * * * (d) All dividends or profits derived from stocks or from the purchase and sale of any property, or other valuables acquired within one year previous, or from any business whatsoever."

Counsel for appellant contend that the statute denies him the "equal protection of the laws" because it undertakes to impose a tax upon the incomes of individuals and to exempt therefrom corporations engaged in the same business.

The clause of the Fourteenth Amendment forbidding a state to "deny to any person within its jurisdiction the equal protection of the laws" is a guaranty that all persons subjected to state legislation "shall be treated alike, under like circumstances and conditions, both in privileges conferred and in liabilities imposed." Power Mfg. Co. v. Saunders, 274 U. S. 490, 493, 47 S. Ct. 678, 71 L. Ed. 1165; Truax v. Corrigan, 257 U. S. 312, 333, 42 S. Ct. 124, 130, 66 L. Ed. 254, 27 A. L. R. 375; Hayes v. Missouri, 120 U. S. 68, 7 S. Ct. 350, 30 L. Ed. 578. It is a pledge of the protection of equal laws. Power Mfg. Co. v. Saunders, supra; Truax v. Corrigan, supra; Yick Wo v. Hopkins, 118 U. S. 356, 369, 6 S. Ct. 1064, 30 L. Ed. 220.

The principles which govern the application of the equal protection clause to the power of taxation by the states are well settled. Such power is essential to the existence of the government of a state. State Board of Tax Comm'rs of Ind. v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248; Ohio Oil Co. v. Conway, 281 U. S. 146, 159, 50 S. Ct. 310, 74 L. Ed. 775. Such clause does not compel a state to adopt an iron rule of equal taxation; nor require it to resort to close distinctions or to maintain a precise,

scientific uniformity with reference to composition, use or value; nor prevent it from exercising a broad discretion in the classification of properties, businesses, trades, callings or occupations for the purpose of taxation. State Board of Tax Comm'rs v. Jackson, supra; Ohio Oil Co. v. Conway, supra; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 237, 10 S. Ct. 533, 33 L. Ed. 892; Southwestern Oil Co. v. Texas, 217 U. S. 114, 122, 30 S. Ct. 496, 54 L. Ed. 688; Brown-Forman v. Kentucky, 217 U. S. 563, 572, 573, 30 S. Ct. 578, 54 L. Ed. 883; Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 75 L. Ed. 1264.

However, there is a point beyond which a state cannot go without violating the equal protection clause. While a state may classify broadly the subjects of taxation, in doing so it must proceed upon a rational basis. It is not at liberty to resort to a classification that is palpably arbitrary. The classification "must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons in similar circumstances shall be treated alike." Ohio Oil Co. v. Conway, supra, page 160 of 281 U. S., 50 S. Ct. 310; Royster Guano Co. v. Virginia, 253 U. S. 412, 415, 40 S. Ct. 560, 64 L. Ed. 989; Louisville Gas Co. v. Coleman, 277 U. S. 32, 37, 48 S. Ct. 423, 72 L. Ed. 770; Air-Way Cor. v. Day, 266 U. S. 71, 85, 45 S. Ct. 12, 69 L. Ed. 169; Schlesinger v. Wisconsin, 270 U. S. 230, 240, 46 S. Ct. 260, 70 L. Ed. 557, 43 A. L. R. 1224; Quaker City Cab. Co. v. Penna., 277 U. S. 389, 400, 48 S. Ct. 553, 72 L. Ed. 927; Sneed v. Shaffer Oil & Ref. Co. (C. C. A.) 35 F.(2d) 21, 24; Smith v. Cahoon, supra.

The question here is whether the classification in the instant case rests upon a substantial difference and bears a reasonable relation to the object of the legislation. This precise question was considered in Conner v. State, 82 N. H. 126, 130 A. 357, and the court held the New Hampshire statute valid on the ground that avoidance of double taxation was a sufficient basis for such classification.

A general income tax law imposing a tax alike on corporations and natural persons will result in double taxation of the earnings of corporations paid as dividends, unless some method is devised to exempt either the corporation or its stockholders from the tax on such earnings. In framing the income tax law in question, the Oklahoma legislature undertook to avoid the injustice of taxing both the corporation and its shareholders on the earnings paid as dividends, by providing that the shareholders should pay taxes on such earnings when received by them in the form of dividends, and exempting the corporation from the tax.

A tax laid upon only the earnings of a corporation when paid to its stockholders as dividends results ultimately in a tax on a substantial portion of such earnings and avoids double taxation thereon.

It is our opinion that there is a substantial difference between corporations and natural persons for income tax purposes because, ordinarily, a large portion of the earnings of a corporation are paid to its stockholders as dividends and are income of both the corporation and such stockholders; that it affords a rational basis for the classification provided by the statute here in question; that such classification rests on a difference having a fair and substantial relation to the object of the legislation; and that it results in like treatment to all persons similarly situated.

It follows that the statute does not violate the equal protection clause of the federal constitution.

The decree is affirmed, with costs.