## HUDSON v. OKLAHOMA TAX COMMISSION et al.

No. 25201. June 12, 1934.

Rehearing Denied Dec. 4, 1934.

R. H. Hudson and Rayburn L. Foster, for plaintiff in error.

C. W. King and A. L. Herr, for defendants in error.

ANDREWS, J. This is an appeal by R. H. Hudson, the plaintiff, from a judgment of the district court of Oklahoma county in favor of the Oklahoma Tax Commission and others, the defendants.

The facts were presented by stipulation.

The plaintiff filed his state income tax return for the year 1931, in which he stated the items and amount of his income and the items and amount of the credits claimed. Among other credits claimed was the item in question in this case, an item of $2,137, which was the amount of loss sustained by the sale of 100 shares of stock of Phillips Petroleum Company. The plaintiff acquired that stock on May 28, 1929, at a cost of $33.33 per share, a total of $3,333. He sold it on March 19, 1931, for $1,196, $2,137 less than the cost. The market value on January 1, 1931, was $1,387.50. No fraud was charged or shown in either the purchase or sale.

The legal question involved is whether the amount of loss, under the provisions of the Oklahoma Income Tax Law (chapter 66, article 7, Session Laws 1931), is the difference between the amount paid and the amount received for the stock, or the difference between the value thereof as of January 1, 1931, and the amount received therefor. The trial court held that the amount of the loss was the difference between the value as of January 1, 1931, and the amount received. The answer to the question is dependent on the meaning of section 10 of the act.

Paragraph (1) of that section provides:

"For the purpose of ascertaining the gain or loss from the sale or other disposition of property, real, personal or mixed, the basis shall be, in case of property acquired before January 1, 1931, the fair cash value as of January 1, 1931, if such value exceeds the cost, and in all other cases the cost thereof; except: * * *

"(c) In the case of property acquired on or before the passage of this act, the basis for ascertaining gain or loss from sale or other disposition thereof shall be the fair cash value thereof on January 1, 1931."

Paragraph (2) of the section provides:

"The basis for ascertaining the gain derived, or loss sustained, from the sale or other disposition of property, real, personal or mixed, acquired before January 1, 1931, shall be its fair cash value as of January 1, 1931, or its actual cost, if in excess thereof.

"(a) If its fair cash value, as of January 1, 1931, is in excess of its sale price at the time of sale, the deductible loss shall be the difference between the fair cash value on said date, and the amount realized from the sale thereof.

"(b) If its fair cash value, as of January 1, 1931, is less than the sale price, then

the taxable gain shall be the excess realized over the said fair cash value.

"(c) If the amount realized is more than the cost price, but not more than its fair cash value, as of January 1, 1931, or less than the cost, but not less than its fair cash value on January 1, 1931, no gain shall be included in, and no loss deducted from, the gross income."

The portion of paragraph (1) designated "(c)" is one of the exceptions to the first portion of that paragraph, and the portions of paragraph (2) designated "(a)", "(b)", and "(c)" are exceptions to the first portion of that paragraph.

From those provisions we conclude that it was the intention of the Legislature to authorize a taxpayer who had sustained a loss by a sale of property acquired prior to January 1, 1931, to deduct only such portion of that loss as was incurred after January 1, 1931.

The basis for consideration of gain or loss is stated in subdivision (c), paragraph (2), section 10 of the act. Therein it is provided, in substance, that if the amount realized from the sale of the stock is more than the cost thereof, but not more than the fair cash value thereof on January 1, 1931, the amount of profit shall not constitute taxable income, and that if the amount realized from the sale is less than the cost thereof, but not less than the fair cash value thereof on January 1, 1931, the amount of loss shall not constitute a proper deduction. But, as provided in subdivision (a), paragraph (2), section 10, when the amount received from the sale thereof is less than the cost thereof and less than the fair cash value thereof on January 1, 1931, as in the instant case, the amount of deductible loss is the amount of difference between the fair cash value on January 1, 1931, and the sale price.

The legislative intention was not clearly expressed. In determining that intention all of the sections have been considered in an effort to harmonize the provisions and to give effect to each and every phrase, clause, and paragraph thereof under the rule stated in Meads et al. v. Human, 84 Okla. 82, 202 P. 797; Chicago, R. I. & P. Ry. Co. et al. v. State et al., 90 Okla. 173, 217 P. 147; Finerty et al. v. First Nat. Bank of Duncan, 92 Okla. 102, 218 P. 859; Integrity Mutual Casualty Co. et al. v. Garrett et al., 100 Okla. 185, 229 P. 282, and other decisions of this court.

When all of the provisions of the act are considered, it appears that no deduction is allowable from the amount of income for a taxable year of any portion of the loss sustained by reason of the sale of property acquired prior to January 1, 1931, for less than the amount of its cost, which would have been sustained had the property been sold on January 1, 1931.

That construction of the act is in conformity with the construction that has been placed on the Federal Income Act of 1918, 40 St. L. 1057. Section 202 (a) of that act provides:

"That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date."

The Supreme Court of the United States, in Burnet, Com'r of Internal Revenue, v. Houston, 283 U. S. 223, 75 L. Ed. 991, said:

"Under this provision, it is necessary to consider not only the cost of the interest acquired by respondent in 1906, but also its fair market price or value as of March 1, 1913; and whichever of these is found to be the lower must be taken as the basis for determining the loss resulting from the final disposition of the property. In other words, the effect of the provision in respect of value on March 1, 1913, is to limit the deductible loss by that value if it be less than the original cost. This is the effect of the prior decisions of this court. United State v. Flannery, 268 U. S. 98, 103, and cases cited; Heiner v. Tindle, 276 U. S 582, 587. And see Nichols v. Smith, 35 F. (2d) 938, 939; Bloch v. Commissioner, 16 B. T. A. 425; affirmed, 42 F. (2d) 1013."

In the case of United States v. Flannery et al., 268 U. S. 98, 69 L. Ed. 865, the question presented was whether, under the income tax provision of the Revenue Act of 1918, a deductible loss was sustained by the sale of the stock in 1919 for more than it had cost, by reason of the fact that on March 1, 1913, between the dates of purchase and sale, it had a market value greater than the sale price. That court held:

"If corporate stock purchased before March 1, 1913, is in fact sold for more than cost, although for less than its value on such date, the value on that date cannot be adopted for the purpose of showing a loss which can be deducted in assessing an income tax under the Act of 1918, providing that, for the purpose of ascertaining loss sustained from the disposition of property, the basis shall be, in case of property acquired before March 1, 1913, the fair

632

market price or value of such property as of that date"

—and said:

"This act provided that net income should include 'gains' derived from sales or dealings in property [secs. 212 (a), 213 (a)]; * * * that there should be allowed as deductions 'losses' sustained during the taxable year 'incurred in any transaction entered into for profit' [sec. 214 (a)]; * * * and that, 'for the purpose of ascertaining the gain derived or loss sustained from the sale, or other disposition of property * * * the basis shall be: (1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and (2) in the case of property acquired on or after that date the cost thereof. * * *' [sec. 202 (a)]. The United States contends that under sec. 214 (a) there was no deductible loss whatever unless the taxpayer had sustained an actual 'loss' in the entire transaction by selling the property for less than it had cost; and that the effect of section 202 (a) was merely that if such an actual loss had been sustained in selling property acquired before March 1, 1913, only so much thereof could be deducted as was sustained after the latter date; that is, the difference between the market value on that date and the sale price"

—and:

"Since Flannery sustained no actual loss in the transaction in question, having sold the stock for more than it had cost, his executors were not entitled to the deduction which they claimed because it was sold at less than its market value on March 1, 1913."

In McCaughn v. Ludington, 268 U. S. 106, 69 L. Ed. 868, the same rule was adopted and the case of United States v. Flannery, supra, was cited with approval. Therein that court said:

"So, under the Income Tax Law of New York, * * * which, as pointed out in United States v. Flannery, is a substantial transcript of the Revenue Act of 1918, except that January 1, 1919, is substituted for March 1, 1913. it was specifically held, in a case precisely similar to the present, that the loss deductible by the taxpayer was limited to the difference between the purchase and selling prices, although on January 1, 1919, the property had a higher value than when it was purchased, and the loss, if computed from that date, would have been greater than when computed from the purchase price. People ex rel. Keim v. Wendell, 200 App. Div. 388, 193 N. Y. Supp. 143."

The holding in those cases follows the holding in Nichols v. Smith, 35 F. (2d) 938.

In the instant case the amount received from the sale was less than the amount paid for the stock and less than the fair cash value thereof on January 1, 1931. The amount of deductible loss on the item was $191.50.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.