## WALDE et al. v. OKLAHOMA TAX COMMISSION.

No. 29345.    Oct. 1, 1940.

Rehearing Denied Oct. 29, 1940.

*106 P. 2d 821.*

Bruno H. Miller, of Oklahoma City, for plaintiff in error.

Dick Jones, A. L. Herr, C. D. Stinchecum, and Rowe Cook, all of Oklahoma City, for defendant in error.

DAVISON, J. This cause originated in the district court of Oklahoma county. It is presented on appeal from an order dismissing the cause after sustaining a demurrer to plaintiff's petition and refusing to allow the plaintiff to amend his petition. It was instituted on the 6th day of April, 1936, by Ray L. Walde, an individual doing business as the X-Ray Oil Company, to recover from the Oklahoma Tax Commission, as defendant, the sum of $209.32 asserted to have been paid under protest by him to the defendant on March 6, 1926. The sum paid is alleged by the plaintiff to represent taxes or charges levied and assessed against him under and by virtue of chapter 156, S. L. 1933, as amended by article 12, ch. 20, S. L. 1935, and asserted to be due by reason of his operation of motor vehicles in such a manner and for such purposes as to classify him as a class C carrier. Motor carriers in general are defined by the statute as:

"(b) The term 'motor carrier' when used in this act, means any person, firm, business, trust or corporation, lessee or trustee or receiver, operating any motor vehicle upon any public highway for the transportation of passengers or property for compensation or for commercial

purposes, doing an intercity business and not operating exclusively within the limits of an incorporated city or town within this state, and, for the purposes of this act, motor carriers shall be divided into three classes as follows: * * *"

Class C carriers are defined by the statute (section 1 of the act) as:

"(3) Class 'C' motor carriers shall include all other persons, firms or corporations, their trustees or receivers, engaged in the transportation of property in furtherance of any private commercial enterprise and not operating as a private carrier for hire or as a common carrier for hire, provided, however, the provisions of this act shall not apply to transportation of livestock and farm products in the raw state, logs and rough lumber and which raw state shall include cotton, whether in the seed or ginned, cotton seed, hay, whether loose or baled, corn, wheat, oats, and all other articles produced on the farm, from farm to market, nor to trucks hauling road materials."

The charge made for the use of the highways by class C carriers is by the terms of the statute graduated and classified upon a weight and mileage basis. The statute also discloses the legislative purpose in imposing the tax. Section 3 of the act provides in part:

"In addition to the regular motor vehicle license fees imposed on motor vehicles in this state, class 'B' and 'C' motor carriers, as defined in this act, engaged in the transportation of property, shall pay the following taxes for the maintenance and upkeep of the public highways and the administration and enforcement of the provisions of all laws of the state relating to motor carriers:

"Upon each motor vehicle, operated by class 'B' motor carriers, the unladen weight of which is not more than 3,500 pounds, and upon each motor vehicle, operated by class 'C' motor carriers the unladen weight of which is in excess of 1,500 pounds, and not exceeding 3,500 pounds, four (4) mills per mile; upon each motor vehicle operated by class 'B' or by class 'C' motor carriers, the unladen weight of which is more than 3,500 pounds and not more than 7,000,

five (5) mills per mile; upon each motor vehicle operated by class 'B' or by class 'C' motor carriers, the unladen weight of which is more than 7,000 pounds and not more than 11,000 pounds, six (6) mills per mile; upon each motor vehicle operated by class 'B' or 'C' motor carriers, the unladen weight which is more than 11,000 pounds and not more than 15,000 pounds, seven (7) mills per mile; and upon each motor vehicle operated by class 'B' or class 'C' motor carriers, the unladen weight of which is more than 15,000 pounds, ten (10) mills per mile; and the mileage shall be kept and the tax determined by accurate daily speedometer record and shall include the entire mileage traversed, whether laden or unladen, and shall be payable monthly, and accompanied by verified reports showing the trips made, weight of motor vehicles used, and the total mileage traversed during the preceding calendar month."

The plaintiff, according to his petition, is engaged in the business of buying and selling gasoline, oil, and other petroleum products at wholesale and retail. He transports products owned by him from his warehouse and distributing point to various filling stations conducted by him in Oklahoma and Canadian counties of this state.

In presenting his case in the trial court, the plaintiff relied solely on the alleged unconstitutionality of the law under which the tax was levied. He assumes the same position in this court. He does not claim or assert that the tax paid by him was erroneously calculated, nor that he was improperly classified under and in accord with the terms of the act as a class C motor carrier. He thus stands before the court as a motor carrier doing an intercity business and using motor driven vehicles, of the class contemplated by the statute, for commercial purposes on the public highways of the state.

The brief of the plaintiff asserts in sweeping terms the unconstitutionality of the law. The general nature of the language employed would, if given all its implications, provoke a lengthy discussion of various sections of the Con-

stitution and their restrictive effect upon legislation; however, more specific complaint is contemplated by Rule 10 of this court. Musick, County Supt., v. State ex rel. Miles, 185 Okla. 140, 90 P. 2d 631. The general character of the complaint made will not, however, preclude a consideration of plaintiff's grievance insofar as specific constitutional provisions are invoked. Musick v. State, supra.

Plaintiff states that "it (referring to the act) did not include all users of the highway in the operation of any motor vehicle, and was therefore class legislation and unconstitutional because it violated article 10, section 5, of the Oklahoma Constitution, which says 'Taxes shall be uniform upon the same class of subjects'."

If it be assumed that the charge made by the statute under consideration constitutes an exercise of the state's power to levy and collect taxes, as distinguished from its power to impose a fee to cover the cost of administering a regulatory measure, the constitutional provision invoked does not forbid the adoption of a reasonable classification to accomplish the purpose. Thus, with respect to the power to classify for tax purposes, we pointed out in Re Assessment of Sales Tax Against Knapp, 185 Okla. 584, 95 P. 2d 92, that:

"The Legislature may select the various subjects for taxation, and may arrange and divide the same into distinct classes and levy taxes accordingly, provided the taxes are uniform upon all those subjects belonging to the same class."

And that:

"The Legislature may distinguish different classes of the same general subject, and tax one class and exempt another. Such distinction, however, must rest upon some difference which bears a just and reasonable relation to the act in respect to which the classification is proposed. The classification made by the Legislature is presumed to be valid."

See, also, In re Gross Production Tax of Wolverine Oil Co., 53 Okla. 24, 41,

154 P. 362, 367; Love v. Silverthorn, County Treas., 187 Okla. 114, 101 P. 2d 254; Pryor v. Bryan, 11 Okla. 357, 66 P. 348.

Similarly, where a license fee or charge is made in connection with a measure designed primarily to regulate and control traffic, as an exercise of the police power of the state, for the purpose of bearing the cost of such regulation and control, a classification may be adopted (Collins-Dietz-Morris Co. v. State Corporation Commission, 154 Okla. 121, 7 P. 2d 123; Pure Oil Co. v. Oklahoma Tax Commission, 179 Okla. 479, 66 P. 2d 1097), provided, of course, that the charge imposed is reasonably commensurate with the cost of regulation, and that the graduation or classification is based upon a real difference in the cost of supervision and regulation, such as was pointed out in Pure Oil Co. v. Oklahoma Tax Commission, supra. But such classification and graduation in connection with license fees is not justified where no real difference in the cost of contemplated regulation exists, as, for instance, where registration is the only regulation contemplated. 5 Am. Jur. 582, Automobiles, para. 130.

Thus, regardless of the nature of the power being exercised (power to tax or police power to supervise and charge commensurably), the power to classify may and does exist.

The justification for the classification adopted by the Legislature, as applied to the class of motor carrier now before us, was exhaustively discussed in Pure Oil Company v. Oklahoma Tax Commission, supra, and the graduation of fees or taxes was therein judicially approved as free from objectionable discrimination. A reiteration of the governing principles as enumerated therein, and the cases cited, would unduly burden this opinion. The trial court is said to have followed that case in disposing of the case at bar. In so doing it committed no error.

Incidental mention is made of the failure of the trial court to allow plain-

tiff to amend his petition. On examination of the record in this connection, it reflects that the plaintiff failed to suggest to the trial tribunal any particular in which he believed he could improve his position by amendment, and he does not suggest to this court any additions which he could or would have incorporated.

Our practice in this procedure is quite liberal, and the allowance of amendments is favored. However, the matter rests in the sound judicial discretion of the trial court. There is nothing in this case which indicates an abuse of discretion in connection with the ruling, and the judgment of the trial court is not subject to disturbance on that ground. Barnett v. Aetna Explosives Co., Inc., et al., 96 Okla. 132, 220 P. 874; Harjo et al. v. Chilcoat et al., 146 Okla. 62, 294 P. 119; 4 C. J. S. 546.

The judgment is affirmed.

RILEY, OSBORN, G I B S O N, and HURST, JJ., concur.