ESSLEY et ux. v. OKLAHOMA TAX COMMISSION.

No. 32051. Feb. 12, 1946.

*168 P. 2d 111.*

Busby, Harrell & Trice, of Ada, for plaintiffs in error.

E. L. Mitchell, C. W. King, and W. F. Speakman, for defendant in error.

OSBORN, J. This is an appeal by John L. Essley and Irene L. Essley from an order of the Oklahoma Tax Commission making a deficiency income tax assessment for the year 1941 against them. Appellants filed a joint income tax return for 1941, in which they deducted losses sustained by them resulting from the sale, in that year, of two blocks of the capital stock of Superior Oil Corporation, one of said blocks having been acquired by them in 1928, and the other in 1929. The Tax Commission refused to allow the deductions, revised the return, and assessed an additional tax against appellants. The cost of the stock purchased by appellants in 1928 and 1929 was greatly in excess of the price received by them therefor in 1941, but the price received was in excess of the fair market value of the stock on January 1, 1931.

The Tax Commission, in disallowing the deduction, acted pursuant to the provisions of 68 O. S. 1941 § 883. The applicable portion of said section is as follows:

"(b) In the case of property acquired prior to January 1, 1931, and disposed of thereafter:

"(1) No profit shall be deemed to have been derived, if either the cost (or other basis as provided in subsection (a) of this Section) or fair market value on January 1, 1931, exceeds the value realized; . . .

"(2) No loss shall be deemed to have been sustained if either the cost (or other basis as provided in subsection (a) of this Section) or fair market value on January 1, 1931, is less than the value realized; . . ."

Appellants contend that the act of the Tax Commission in disallowing the deductions claimed was unwarranted, arbitrary, and capricious, and based upon a misinterpretation of the law. They do not point out in what respect the law was misinterpreted, but argue

that the disallowance does not follow the course pursued by the Federal taxing authorities, or the interpretation placed by them upon the Federal statute. Since the Tax Commission was by the plain provisions of the statute required to disallow the deductions, we conclude that its action was not arbitrary or capricious. Although the fair market value of the stock on January 1, 1931, was less than the price received by appellants therefor, the commission did not attempt to include such difference in appellants' taxable income. This was in accordance with the provisions of the statute. Appellants state that while formerly the Federal income tax laws were similar to our statute, they have abandoned as arbitrary and unfair the method of computing losses as provided in section 883, supra, and now allow as the basis for determining loss the difference between cost and selling price. Since the law above quoted is plain, it is clear that this court cannot alter or change the method of computing losses therein set forth. That is the province of the Legislature.

In Hudson v. Oklahoma Tax Commission, 169 Okla. 630, 37 P. 2d 918, we held:

"Under the provisions of the Oklahoma Income Tax Law of 1931, chapter 66, art. 7, Session Laws 1931, no deduction is allowable from the amount of income for a taxable year of any portion of the loss sustained by reason of the sale of property acquired prior to January 1, 1931, for less than the amount of its cost, which would have been sustained had the property been sold on January 1, 1931."

It is next contended that the law violates article 2, sec. 7, article 2, sec. 15, and article 10, sec. 5, of our Constitution.

Article 2, sec. 7, the due process clause, is not violated, since the law provides for notice to appellants and gives them an opportunity to be heard. 68 O. S. 1941 §§ 898, 910. This satisfies the requirements of due process. In re Thomas' Estate, 192 Okla. 409, 136 P. 2d 929.

Article 2, sec. 15, is said to be violated in that the statute is an ex post facto law, and impairs the obligation of contracts. Appellants urge that, having purchased their stock under the 1915 law, which gave them the right to deduct as losses the difference between the cost and selling price, the statute above quoted constitutes an ex post facto law, and impairs their vested rights. In support of this contention they cite Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002; Runnels v. City of Oklahoma City, 150 Okla. 292, 1 P. 2d 740; Casner v. Meriweather, 152 Okla. 246, 4 P. 2d 19, and other cases of similar import. They are unable to point out how the decisions in the cases cited apply to the instant case, and we are likewise unable to see their applicability. In Thompson Bldg. Co. v. Oklahoma Tax Commission, 192 Okla. 1, 132 P. 2d 962, we said:

". . . . We take it to be an undisputed rule that no property owner or taxpayer has a vested interest in the scheme or method of taxation in effect at any given time. The power of Legislatures to change schemes and rates of taxation from time to time is undoubted. If this were not true, we would have as many different tax schemes and rates as property owners, and no uniformity or equality could exist, or as an alternative the Legislatures would be without power to change."

Our holding in that case disposes of this contention of appellants.

Appellants contend that the law violates the uniformity clause of article 10, sec. 5, of our Constitution, because it provides one method of formula for ascertaining deductible loss on property purchased prior to January 1, 1931, and another method or formula applicable to property purchased after that date. Specifically, they complain that although they actually sustained a heavy loss on the sale of the stock purchased by them in 1928 and 1929, which loss they were not permitted to deduct, they were taxed on profits received from the sale of other stock purchased subsequent to January 1, 1931. They contend that all the stock sales made by

them should be treated alike; that when so treated, the loss sustained on stock bought in 1928 and 1929 canceled the gain or profit on the stock acquired after January 1, 1931, and that the refusal of the Tax Commission to pursue this course resulted in the levying of different taxes upon subjects of the same class. They cite In re Harkness' Estate, 83 Okla. 107, 204 P. 911; In re Assessment of Sales Tax against Knapp, 185 Okla. 584, 95 P. 2d 92, and other cases in support of their contention.

The question presented is whether the Legislature, in placing property acquired before January 1, 1931, in a different class from property thereafter acquired, and in providing, for income tax purposes, a different method of computing gains and losses when property was acquired prior to January 1, 1931, and sold subsequent to that date, acted arbitrarily and unreasonably. The purpose of the quoted provisions was to place a limitation upon the amount of gain or loss which would otherwise have been taxable or deductible. United States v. Flannery, 268 U. S. 98, 69 L. Ed. 865. Apparently the Legislature intended to stabilize taxable gains and deductible losses arising by reason of the great fluctuation in values of property shortly before January 1, 1931. The law uniformly affects all persons who acquired property prior to that date, and disposed of it after that date. Appellants' only complaint is that under it they are not permitted to deduct their full loss. This is not sufficient to warrant the assertion that the law is arbitrary and unreasonable. "Deductions in computing income tax depend entirely upon the legislative grace." Home-Stake Royalty Corp. v. Weems, 175 Okla. 340, 52 P. 2d 806. Therein we further said:

". . . The deduction allowed may appear arbitrary, but the means or methods used in arriving at such deduction are not open to judicial inquiry. If the deduction applies uniformly to all subjects within the classification, the constitutional requirements in that respect are satisfied."

The classification made by the Legislature is presumed to be valid. Re Assessment of Sales Tax against Knapp, 185 Okla. 584, 95 P. 2d 92; Walde v. Oklahoma Tax Commission, 188 Okla. 142, 106 P. 2d 821. Since it does not appear that the classification adopted is based upon an invidious and unreasonable distinction with reference to the subject of the tax, judicial interference is not justified. In re Gross Production Tax of the Wolverine Oil Co., 53 Okla. 24, 154 P. 362.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.