## BANK OF MEEKER v. HAIR.
### No. 35346.

Supreme Court of Oklahoma.
Oct. 6, 1953.

Tom J. Amis, Chandler, Frank Seay, Seminole, for plaintiff in error.

Tom Smith, Wewoka, for defendant in error.

O'NEAL, Justice.

The plaintiff below, Bank of Meeker, Oklahoma, a corporation, will be referred to as the Meeker Bank, the defendant below as Jack Hair, and the Intervener, Security State Bank of Wewoka, Oklahoma, as the Security Bank.

Upon trial the Security State Bank obtained a judgment against the Meeker Bank and Jack Hair for the recovery of a 1949

Kaiser 4-Dr. Sedan automobile, then in the possession of the Meeker Bank, based upon its mortgage lien, or in the alternative the sum of $1,365, costs and attorney's fee in the sum of $150.

The Meeker Bank paid the Security Bank the judgment in the sum of $1,365 and therefore the Security Bank is not before us on the appeal.

The record discloses these facts: On the 9th day of April, 1949, James W. Pipkin executed his promissory note in the sum of $1,962 to the Meeker Bank and secured payment thereof by a mortgage upon a 1949 Kaiser Sedan automobile. The Sedan automobile was in the possession of Mr. Pipkin on that date at his place of business, Pipkin Motor Sales Company, in Seminole, Oklahoma, and was then and afterwards being offered by Pipkin to the public for sale along with other Kaiser-Frazer automobiles at said Motor Sales Company.

On the 11th day of July, 1949, Jack Hair was the owner and operator of the Veteran's Cab Service in Wewoka, Oklahoma, and on said date Hair purchased said 1949 Kaiser-Frazer 4 Dr. Sedan from the Pipkin Motor Sales Company, and in payment therefor delivered his 1948 Kaiser-Frazer automobile to Mr. Pipkin and made a cash payment in the sum of $250, and executed his note for the sum of $150 due in six months.

The proof is without dispute that Hair purchased the 1949 Kaiser-Frazer 4 Dr. Sedan without any knowledge that the Pipkin Motor Sales Company, or Mr. Pipkin, had executed a mortgage thereon to the Meeker Bank as alleged in the Meeker Bank's petition.

Further, the evidence is without dispute that the 1949 Kaiser-Frazer 4 Dr. Sedan was placed upon the sales floor of the Pipkin Motor Sales Company and thereafter sold by it in the usual and customary manner as sales of new cars were generally made by the company. Jack Hair was indebted to the Security Bank in the sum of $1,365, which account was then secured by a mortgage on Hair's 1948 Kaiser-Frazer automobile. After Hair purchased the 1949 Kaiser-Frazer automobile from

the Pipkin Motor Sales Company he executed a mortgage upon that automobile to secure his then indebtedness to the Security Bank.

The Meeker Bank on September 7, 1949, brought a replevin action against Hair for the possession of the 1949 Kaiser-Frazer 4 Dr. Sedan claiming the right of possession under the mortgage executed by the Pipkin Sales Company to it.

The sheriff of Seminole County on the replevin writ took possession of the automobile and delivered it temporarily to the Pipkin Motor Sales Company at Seminole, and at a later date the automobile was sold to a third party by the Pipkin Motor Sales Company. Jack Hair, in addition to his claim of ownership of the 1949 automobile, sought by cross-petition against the Meeker Bank to recover damages for his equitable interest therein, and for the reasonable rental value thereof while wrongfully in the possession of the Meeker Bank.

As indicated, the intervener, The Security Bank, on February 9, 1950, obtained a judgment against the Meeker Bank and Jack Hair. The judgment is based upon a finding that the Security Bank had a valid mortgage upon and was entitled to the possession of the 1949 Kaiser-Frazer 4 Dr. Sedan, which was then in the possession of the Meeker Bank, and had special ownership therein in the sum of $1,365, costs and attorney's fee.

Thereafter, and on April 3, 1951, the issues between the Meeker Bank and Jack Hair came on for trial resulting in a judgment in favor of Jack Hair upon his cross-petition against the Meeker Bank in the sum of $1,000.

██ The Meeker Bank here contends that it should be subrogated to the rights of the Security Bank as against Jack Hair, because of its payment of the sum of $1,365 to the Security Bank under the judgment on February 9, 1950. This contention is based upon an erroneous premise that the Meeker Bank and Jack Hair were jointly indebted to the Security Bank. The record does not show a joint indebtedness, or a joint liability of the Meeker Bank and

872

Jack Hair to the Security Bank. The liability of Jack Hair was an individual liability upon his note and mortgage to the Security Bank. The liability of the Meeker Bank was an individual liability arising out of its wrongful appropriation of the 1949 Kaiser-Frazer 4 Dr. Sedan through its replevin action. The Security Bank had an equity in the 1949 automobile and was entitled to its judgment upon its equitable interest therein in the sum of $1,365, and it also had a cause of action against the Meeker Bank by reason of its wrongful possession of the car. The mortgage lien of the Security Bank, as we shall later point out, was superior to the Meeker Bank's mortgage lien; therefore, the Security Bank's judgment for possession of the automobile, or its value, was properly entered.

The Meeker Bank's mortgage executed by the Pipkin Motor Sales Company provided in part: "It is understood that this car is to be left in the Pipkin Motor Sales room and upon sale of said car this note is to be paid."

46 O.S.1951 § 93 provides:

"All goods, wares, and merchandise sold in the ordinary course of trade shall be free of the lien of such mortgage or pledge in the hands of the purchaser thereof. Laws 1947, p. 304 § 3."

It is not controverted that Jack Hair was a bona fide purchaser for value without knowledge or notice of the existence of the mortgage claim by the Meeker Bank. The president of the Meeker Bank testified that he had known Jim Pipkin, the owner of the Pipkin Motor Sales Company, for twenty years, and had loaned him money and taken mortgages on automobiles on numerous occasions; that he knew the mortgaged car here involved would be offered for sale as a new car from the Pipkin place of business in Seminole.

In Ashcraft v. Butts, 185 Okl. 587, 95 P.2d 107, we held:

"A chattel mortgage given by a dealer in automobiles on a part of his stock in trade to a mortgagee who knows the property is being offered for sale to the public is ineffective as against a purchaser from such dealer in the usual course of business."

The evidence discloses that the reasonable value of the 4 Dr. Kaiser-Frazer 1949 automobile was the sum of $2,500, and that Jack Hair's equitable interest therein was of the value of $1,000. In this entire transaction Jack Hair was deprived of his ownership in his 1948 automobile and also in his ownership of his 1949 automobile.

█ The judgment that Jack Hair's equitable interest in the 1949 automobile is of the reasonable value of $1,000 is supported by the evidence and, therefore, the judgment below should be and is hereby affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.