The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Is the excise tax authorized under 68 O.S. 1304 [68-1304] and 68 O.S. 1305 [68-1305] on newspapers and periodicals exceeding seventy-five cents ($.75) constitutional in light of Article II, Section 22, which guarantees freedom of the press and states that `no law shall be passed to restrain or abridge the liberty of speech of the press.' "2. Is the excise tax exemption accorded to 'sales of newspapers and periodicals where any individual transaction does not exceed seventy-five cents ($.75)' constitutional in light of the provision in Article X, Section 5 of the Constitution of Oklahoma that specifies that 'taxes shall be uniform upon the same class of subjects' or any other provision of law? "3. If the answer to question 1 or 2 is in the negative, how should the language in 68 O.S. 1305 [68-1305](h) be interpreted which exempts only newspapers and periodicals where the individual transaction does not exceed seventy-five cents ($.75) ?" Title 68 O.S. 1304 [68-1304] (1980) levies an excise tax of 2 percent upon the gross proceeds or gross receipts derived from the sale of various types of property, goods and services. Title 68 O.S. 1305 [68-1305] (1980) lists a number of exemptions from the excise tax. Specifically, 68 O.S. 1305 [68-1305](h) provides the following exemption: "Carrier sales of newspapers and periodicals made directly to consumers. Other sales of newspapers and periodicals where any individual transaction does not exceed seventy-five cents ($0.75). A carrier is a person who regularly delivers newspapers or periodicals to subscribers on an assigned route." Oklahoma Const., Article II, Section 22 provides that "every person may freely speak, write, or publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press." Similarly, the First Amendment to the United States Constitution states that "Congress shall make no law . . . abridging the freedom of speech, or of the press," such prohibition applicable to the states through the Fourteenth Amendment. The issue of whether taxation imposed upon newspapers, periodicals or other publications serves as a restraint upon the constitutional guarantee of freedom of the press has not been addressed by the Oklahoma Supreme Court. The issue has been considered, though, by a number of other jurisdictions. Among these cases are Grosjean v. American Press Co., 297 U.S. 233,56 S.Ct. 444, 80 L.Ed. 660 (1936) and City of Baltimore v. A. S. Abell Co., 218 Md. 273, 145 A.2d 11 (1958). Both cases involved taxes imposed upon the sale of advertising by newspapers and other publication and media forms and both decisions determined that the tax was violative of the constitutionally protected rights of free speech and press. However, in Grosjean, the particular circumstances involved evidenced an ulterior motive on the part of the state to deliberately limit the circulation of newspapers and other publications while City of Baltimore involved a situation where newspapers and the electronic media were singled out to pay a special tax not imposed upon other forms of business enterprise. Both cases recognized the generally accepted rule that newspapers and other forms of the press are not immune "from any of the ordinary forms of taxation for support of the government." See Grosjean v. American Press Co., supra. As stated in City of Baltimore v. A. S. Abell Co., supra: ". . . When the tax is imposed upon a business that enjoys one of the constitutional immunities of the First Amendment, it must be general in its nature and character and affect this business only incidentally as it affects other businesses in their combined duty to support the government . . . ." Similarly, in Giragi v. Moore, 49 Ariz. 74, 64 P.2d 819
(1937), the Court stated: ". . . All who share the protection given by the government should also share the expense of that protection in proportion to their ability, regardless of the business they are engaged in, if it is for profit. The mere fact that a tax reduces a person's net income is no legal restraint on him or his business. If the taxpayer is a newspaper publisher, it must appear that the law not only 'takes money from the pockets,' but also that the law was adopted by the state as a 'form of previous restraint upon printed publications, or their circulation.' If it is so adopted, then, however small the tax may be, it is bad and in violation of due process. It is not the amount of the tax, but the use of it as a means to abridge the freedom of the press, that is forbidden . . . ." See also Oklahoma Press Pub. Co. v. Walling,327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946) holding that newspapers were not exempt from the provisions of the Fair Labor Standards Act by reason of the First Amendment. It is doubtful that any sales of newspapers will fail to come within the exemption provided in 68 O.S. 1305 [68-1305](h). However, assuming that some newspaper sales may fall subject to the excise tax, it is apparent that the imposition of the tax upon those sales and upon the sale of other periodicals not coming within the exemption would not restrain or abridge the freedom of the press. The statutory scheme for taxation set forth in 68 O.S. 1304 [68-1304] and 68 O.S. 1305 [68-1305] does not evidence any intent or motive to impede or restrict the sale of newspapers or periodicals nor do the provisions single out such publications for discriminatory tax treatment. The tax imposed by 68 O.S. 1304 [68-1304] and 68 O.S. 1305 [68-1305] is of broad and general applicability and would encompass sales of newspapers and periodicals only incidentally as it affects a variety of other forms of commerce. Regarding classification of those subject to taxation, Okla. Const. Article X, Section 5 provides that "taxes shall be uniform upon the same class of subjects." As held in In re Assessment of Sales Tax Against Knapp, 185 Okl. 584, 95 P.2d 92 (1939), the Legislature may select the various subjects for taxation and may arrange and divide the same into distinct classes. The Court also held that the Legislature may distinguish different classes of the same general subject matter and tax one class while exempting the other. Moreover, the Court noted that classifications made by the Legislature are presumed to be valid. It has also been determined that strict equality in taxation is not required, it not being necessary for purposes of equal protection that close distinctions and precise uniformity be maintained. See Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734,40 L.Ed.2d 189 (1974) and Franklin v. Carter, 51 F.2d 345
(10th Cir. 1931), cert. den, 284 U.S. 664, 52 S.Ct. 40,76 L.Ed. 562. Indeed, the only limitation on classification of taxable subjects is that the same rest upon some rational basis and bear a just and reasonable relation to the object of the tax. See Franklin v. Carter, supra, and In re Assessment of Sales Tax Against Knapp, supra. Equal protection only guards against taxation which is palpably arbitrary or grossly unequal in its application. See Franklin v. Carter, supra, and Weissinger v. Boswell,330 F. Supp. 615 (M.D. Ala. 1971). In enacting 68 O.S. 1304 [68-1304](e) (1980), which subjects the sale of "printed matter of all types, kinds and characters" to the sales tax, and 68 O.S. 1305 [68-1305](h) (1980), the Legislature has taken the general subject of printed materials and divided the same into two sales tax classifications: (1) carrier sales of newspapers and periodicals made directly to consumers and other sales of newspapers and periodicals where the individual transaction does not exceed seventy-five cents ($0.75) and (2) all other sales of newspapers, periodicals and other printed materials. A conceivable rational basis for this distinction becomes apparent upon consideration of the means by which the sale of the publications in the exempt class are conducted. 68 O.S. 1305 [68-1305](h) defines a carrier making carrier sales as "a person who regularly delivers newspapers or periodicals to subscribers on an assigned route." Furthermore, a primary method by which sales of newspapers and periodicals by individual transactions not exceeding seventy-five cents ($0.75) are conducted is by the use of vending machines or similar automated devices. The "door to door carrier" and "vending machine" methods for the sale of newspapers and other periodicals are not, as a practical matter, conducive to sales tax collection and make the collection of such taxes cumbersome and impracticable. See Stevens Enterprises v. State Commission of Rev. Tax.,179 Kan. 696, 298 P.2d 326 (1956). Justification for taxation classifications can be based upon the "manner or methods of carrying on the . . . business" subject to the tax. See In re Assessment of Sales Tax Against Knapp, supra. Moreover, a rational basis for classification of taxable subjects may be founded upon the administrative problems associated with collecting the tax in view of the manner in which the taxable activity is carried on. As stated in 71 Am. Jr. 2d, State and Local Taxation, 172, "administrative convenience in the collection or measurement of a tax is sufficient to justify classification in tax laws." See also New York Rapid Transit Corp. v. New York, 303 U.S. 573, 58 S.Ct. 721,82 L.Ed. 1024 (1937), reh. den., 304 U.S. 588,58 S.Ct. 939, 82 L.Ed. 1548. In view of the foregoing, it is unnecessary to address your third question. Accordingly, it is the official opinion of the Attorney General that your questions be answered as follows: 1. The imposition of an excise tax by 68 O.S. 1304 [68-1304] and 68 O.S. 1305 [68-1305](h) (1980) upon the gross receipts derived from the sale of newspapers and periodicals where the individual transaction exceeds seventy-five cents is not violative of Okla. Const., Article II, Section 22. 2. The exemption from the excise tax extended by 68 O.S. 1305 [68-1305](h) (1980) to sales of newspapers and periodicals where the individual transaction does not exceed seventy-five cents is not violative of Okla. Const., Article X, Section 5. (BRENT S. HAYNIE) (ksg)