### UNIVERSAL CREDIT CO. v. REILY.

No. 23325. March 12, 1935.

Rehearing Denied April 2, 1935.

Pierce, McClelland, Kneeland & Bailey, for plaintiff in error.

Goode, Dierker & Goode and Reily & Reily, for defendant in error.

PHELPS, J. The parties will be referred to herein as they appeared in the trial court.

The Meeker Motor Company was engaged in selling Ford automobiles. On the 24th day of February, 1931, defendant, Joe H. Reily, bought a Ford automobile from said company at an agreed price of $602. The purchase price was paid by the exchange of a used car at an agreed price of $250 and the balance of $352, by giving said company credit on its $600 indebtedness to defendant. On March 1, 1931, plaintiff filed its replevin action in the district court of Pottawatomie county against defendant in which it alleged ownership of the automobile and prayed for judgment for possession or the value thereof. The defendant's answer was a general denial, and upon trial judgment was for the defendant.

Plaintiff based its claim for possession of the automobile upon the following state of facts: Apparently, when the Meeker Motor Company went into the business of selling Ford automobiles it made arrangements with plaintiff to handle its financial affairs, said arrangements being that it would go to the Ford factory or assembling plant and pay the Ford Company 10 per cent. of the purchase price on each car. It would then take possession of said car and the plaintiff would pay the balance of the wholesale price of said automobile and take a bill of sale, promissory note, and "trust receipt" from the dealer. The company would place the cars in its show room for sale, and when any particular car was sold it would then remit the amount due the plaintiff on said car. In this manner over a period of something like a year the company sold about 200 cars. The car in question was sold to the defendant in the regular way and the evidence shows that a check for the amount due on this car was sent to plaintiff, but the dealer became financially involved and the check was not paid, and this action was brought by plaintiff to obtain possession of the car.

It is agreed that neither "trust agreement" nor bill of sale in the instant case was of record, and it is not shown that defendant had any knowledge or notice whatever of any kind or character of the trade arrangement between plaintiff and the motor company. In fact, all the evidence on that subject is to the effect that defendant had no such notice or knowledge, and in the absence of any information, either actual or constructive, defendant claims to be an innocent purchaser for value without notice.

As we view it, the most that can be said about plaintiff's claim of ownership is that, whatever denominated, it had no more force or effect than an unrecorded chattel mortgage.

The company was engaged in the sale of automobiles. Plaintiff not only had knowledge of this fact, but co-operated therein. One witness testified that the agent of plaintiff urged the company to speed up the sale. Therefore, under this state of the record, plaintiff is in no position to assert its superior title or ownership of the car in question. In National Bond & Investment Co. v. Central National Bank of Enid, 142 Okla. 96, 285 P. 828, in the first paragraph of the syllabus, this court said:

"When the mortgagee expressly or impliedly consents to a sale of the mortgaged property by the mortgagor, he waives his lien, and the purchaser takes the title free from the same; except where it is clear that the mortgagee intended that the property should be sold subject to the lien of the mortgage and the purchaser so understands."

And in the body of the opinion we find this language:

"It is perhaps a universal rule that a mortgagee, by consenting to the sale of the mortgaged property by the mortgagor, surrenders his lien and looks to the mortgagor personally for payment of his mortgage."

Also the second paragraph of the syllabus reads as follows:

"To constitute a person a bona fide purchaser, three elements must be present: First, a valuable consideration; second, the absence of notice; third, the presence of good faith."

As we view it, all three of these elements were present in the instant case.

In Glass v. Continental Guaranty Corp., 81 Fla. 687, 88 So. 876, in a similar case, the Supreme Court of Florida used this language:

"An alleged owner of an automobile under secret trust who permits a dealer in automobiles to have a car at his sales place under circumstances that indicate authority to sell, is estopped to assert his title against a bona fide purchaser for value and without notice of the secret claim."

After the trial court had rendered judgment for the defendant, plaintiff then moved

for judgment protecting plaintiff's equity or interest in the automobile in question. This motion was overruled. In view of the fact that this was a plain replevin action in which plaintiff prayed no relief except possession of the automobile or judgment for its value and all the evidence that was introduced was upon this issue, we think the trial court properly overruled this motion.

Finding no prejudicial error in the record, the judgment of the district court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.