## HOWELL v. BOARD et al.

No. 29032.   Oct. 10, 1939.

R. A. Hockensmith, of Okmulgee, for plaintiff in error.

E. W. Smith and E. W. Smith, Jr., both of Henryetta, for defendants in error.

DAVISON, J. This is an action in replevin, based upon a chattel mortgage covering a 1935 Chevrolet town sedan. It was instituted in the superior court of Okmulgee county, state of Oklahoma, by Lena R. Board and M. Board, a copartnership, doing business as the Liberty Investment Company, as plaintiff, against Roy E. Howell and Chris Grenshaw, as defendants..

The cause was tried to the court without the intervention of a jury, resulting in a judgment for the plaintiff, of which Roy E. Howell, appearing herein as plaintiff in error, complains. The parties will be referred to in this opinion by their trial court designation.

The facts to which an application of the law is herein sought were largely stipulated in the trial tribunal. The essential facts as stipulated by the parties and supplemented by testimony produced are as follows:

At the time of the transactions here involved, one Lynn G. Burrus was a dealer in second-hand automobiles. He occupied a fenced lot on one of the main streets in Okmulgee where he bought and sold second-hand cars. The lot constituted his place of sales and numerous cars were at all times on display thereon and were offered for sale at all times by the dealer. The Chevrolet automobile involved in this action was among the automobiles on the lot being offered for sale as a part of the stock in trade when, on the 3rd day of September, 1936, Burrus executed a chattel mortgage covering it and another car to the Central National Bank of Okmulgee to secure the payment of a promissory note of even date for the sum of $550. The Central National Bank knew at the time it took its mortgage that the two automobiles were owned by Burrus, as a part of his stock in trade, for sale and were being offered for sale to the public. The validity of this mortgage as against the title acquired by a purchaser in the usual course of trade is the pivotal point in this case.

On the 22nd of September, 1936, Burrus sold the car to Cris Crenshaw, who executed a note and mortgage on the car to Burrus to secure a portion of the purchase price. The note was payable in monthly installments aggregating $481.68. Burrus sold the note and assigned the mortgage, before maturity and for value, to the Liberty Investment Company, plaintiff, herein. The Liberty Investment Company had no actual knowledge of the outstanding mortgage to the bank, although the mortgage to the bank had been filed of record.

Thereafter the bank secured possession of the car for the purpose of foreclosure by a replevin action against Cris Crenshaw, the purchaser. The Liberty Investment Company was not made a party to that action and it is not claimed that it was bound by the proceedings and judgment therein. Having thus secured possession, the bank caused the car to be sold at foreclosure sale and the defendant Roy E. Howell was the purchaser.

The plaintiff herein then instituted this action in replevin to recover the car from the purchaser at foreclosure sale.

It is thus apparent that the rights of Roy E. Howell depend upon the validity of the chattel mortgage executed to the bank by the dealer in cars covering a part of his "stock in trade" as against a mortgagee who obtained a mortgage from one who purchased the mortgaged property from the dealer in the usual course of business. The trial court held that such a mortgage is ineffective as against the title acquired by such a purchaser, and therefore upheld the mortgage given by the purchaser.

No case has been called to our attention in which this court has announced the solution to the precise problem here involved.

However, a number of the prior decisions of the court are by analogy in point on separable phases ·of the law, and the principles enunciated therein are of controlling importance in determining the trend of the law in this jurisdiction.

In most jurisdictions, the purchasers of goods from stocks of merchandise are protected as against the claims of persons holding chattel mortgages obtained from the dealer with knowledge that the mortgaged chattels were at the time the mortgage was given, or would thereafter become, a part of a stock of merchandise offered for sale to the public. However, there is a difference of judicial opinion as to the legal theory upon which such a result should be predicated. Some decisions place it upon the ground of waiver by agreement, express or implied, others upon estoppel, and still others upon the broad grounds of fraud. The difference of legal theory does not necessarily denote any inconsistency in the reasoning which guides judicial expression, since different fact situations may invoke the application of different legal principles.

That practical considerations have played an important part in moulding this phase of the law is quite obvious. Illustrative of their effect upon judicial thought, is the remark of the Virginia Supreme Court of Appeals in Boice v. Finance & Guaranty Corporation (Va.) 102 S. E. 591, 10 A. L. R. 654. It was said by that tribunal in discussing the rights of purchasers from dealers who have mortgaged a portion of their stock that:

"Property bought for the express purpose of daily indiscriminate sale to the general public, exposed for such sale at the place of business of a licensed dealer, and over which the dealer is permitted to exercise the dominion of owner, cannot be made the subject of a valid chattel mortgage regardless of its size, value, or capacity for identification. The powers which the dealer is permitted to exercise over the property in such case are inconsistent with a mortgage thereon."

And at a later point in the opinion it was observed that:

"To require an examination of the records for liens in such cases would break up the business, and indeed be an embargo on legitimate trade."

To the same effect and quoting with approval from the Virginia court, see Coffman v. Citizens' Loan & Investment Co. (Ark.) 290 S. W. 961. Specific mention is accorded the foregoing authorities because both deal with automobiles, the species of property herein involved, and both recognize that the bulk of the articles involved do not create the basis of a distinction when compared to other classes of merchandise.

While the holdings in the foregoing cases are based upon consideration of the principles of estoppel, the situation presented by the case at bar does not, in view of the prior decisions of this court on the question of waiver, require a consideration of that doctrine.

It is clear that, unless the contrary is apparent from the conduct or agreement of the parties, one who takes a mortgage upon articles being offered for sale as a part of a dealer's stock, knowing that such articles will continue in the future to be a part of the stock by necessary implication, consents to a sale thereof by the dealer. Such consent is tantamount to a waiver of the lien, if the same can be waived by parol understanding of the parties. Before passing to a consideration of the latter point (the waiver of a chattel mortgage by parol) it is appropriate to observe that an express understanding, contrary to the obvious implication above mentioned, might invoke a consideration of the doctrine of estoppel, but such express conflicting understanding does not here exist.

Cases dealing with the effect, upon a chattel mortgage lien, of consent by the mortgagee to a sale of the mortgaged property are collected in annotations appearing in 73 A. L. A. at p. 236, and 97 A. L. R. 646; however, it is unnecessary to go beyond the decisions of this court for judicial precedent upon the question. In Carr v. Brawley, 34 Okla. 500, 125 P. 1131, we said:

"The mortgagee gave authority to the mortgagor to sell the cotton and make use of the proceeds, at least temporarily, for his own purposes. * * *

"That there was a waiver of the lien of the mortgage as a result of the mortgagee's consent to the sale is elementary."

In Dodd-Lear Hardwood Lumber Co. v. Gyr, 44 Okla. 630, 146 P. 16, it was said:

"* * * When a mortgagee of a chattel consents to its sale, he waives the mortgage lien."

To the same effect, though proceeding upon the theory of agency, see Phelan v. Barnhart Bros. & Spindler, 75 Okla. 49, 181 P. 718. See, also, Farmers' State Bank of Alva v. Kavanaugh & Shea, 98 Okla. 119, 224 P. 525; and Universal Credit Co. v. Reily, 171 Okla. 286, 42 P.2d 516; and consider Turk v. Kramer et al., 138 Okla. 35, 280 P. 266, wherein an analogous problem dealing with the rights of creditors as

distinguished from purchasers was considered.

Applying the principle of the foregoing cases to the situation here presented, where the mortgagee has by necessary implication consented to the sale of the mortgaged property in the usual course of trade, it is apparent that as to one purchasing as a customer of the dealer, the mortgage lien is waived.

It, of course, follows that one acquiring a mortgage from such purchaser is likewise protected.

The plaintiff in error herein urges that the view represented by the foregoing authorities is inconsistent with the recording act and should therefore not obtain in this jurisdiction. This argument overlooks the fact that the mortgage is wholly ineffective as to the excepted class, that is, purchasers, because of the express or implied understanding between the parties which constitutes a waiver. The recording of a chattel mortgage does not add to its actual force and effect. It merely imparts constructive knowledge of the mortgage to subsequent purchasers and makes their subsequently acquired rights subject to the rights of the mortgagee. When, as in this case, by reason of agreement, express or implied, the mortgagee has no rights against subsequent purchasers of the class here involved, the fact that the mortgage was filed of record does not confer such rights. (Consider Turk et al. v. Kramer et al., supra.)

It is also urged that our holding in National Bond & Inv. Co. v. Central Nat. Bank of Enid, 142 Okla. 96, 285 P. 828, is contrary to the view herein expressed. We do not so regard that decision. The mortgage therein involved and upheld was executed by an individual owner who had just purchased an automobile and not by a dealer.

The decision of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.