ROGERS COUNTY BANK v. CULLISON.

*98 P. 2d 612.*

No. 29232.   Jan. 23, 1940.

374

Robson & Bassman, of Claremore, for plaintiff in error.

Carter Smith, of Tulsa, for defendant in error.

GIBSON, J. This is an action by a mortgagee against the subsequent purchaser from the mortgagor to replevin an automobile. Plaintiff below has appealed from an adverse judgment, and defendant appeals from that portion of the judgment denying motion to retax costs.

Defendant purchased the automobile, a used car, from one Herman McCord of Claremore. McCord was a recognized dealer in used cars and operated a sales establishment for that purpose in said city. At the time of the transaction the plaintiff held a chattel mortgage on the car, and the mortgage was on file in the office of the county clerk as provided by law (sec. 11277, O. S. 1931, am. 1935, 46 Okla. Stat, Ann. § 57). McCord failed to meet the obligation, and this action was instituted.

Plaintiff took the position that it was fully protected in its lien as against defendant by the provisions of section 11279, O. S. 1931, 46 Okla. Stat. Ann. § 58, making the filing of the mortgage as aforesaid notice thereof to all subsequent purchasers of the property.

Defendant relied on a plea of waiver and estoppel, asserting that the plaintiff by its conduct had waived the protection of the statute, or was estopped to assert its mortgage.

The question here is whether one who lends money to a recognized automobile dealer and as security therefor procures and files with the county clerk a chattel mortgage on a car, and thereafter knowingly permits the dealer to retain the car as stock in trade, waives the protection of the filing statute or is estopped to assert his lien as against a subsequent bona fide purchaser for value and without actual notice of the mortgage.

The filing of a chattel mortgage pursuant to section 11279, supra, constitutes notice to all subsequent purchasers, and, as plaintiff contends, the section purports to make no exceptions in any circumstances. Yet one may act in such a manner as to constitute an implied waiver of the statutory protection, or his conduct may be such as will work an estoppel against him. Here the primary question is whether the conduct of the plaintiff in knowingly permitting the car to remain with the dealer as aforesaid was sufficient to constitute such waiver or to work an estoppel.

If plaintiff's conduct was sufficient to render the filing statute inoperative as against defendant, then it may not now

successfully assert its lien, in the face of a plea of waiver or estoppel. In the absence of constructive notice, the defendant, under the facts in the record, was an innocent purchaser.

A similar question was before this court in Howell v. Board, 185 Okla. 513, 94 P. 2d 830. There, under a like state of facts, we held as follows:

"A chattel mortgage given by a dealer in automobiles on a part of his stock in trade to a mortgagee who knows the property is being offered for sale to the public is ineffective as against a purchaser from such dealer in the usual course of business. * * *"

That decision is controlling here. See, also, Ashcraft v. Butts, 185 Okla. 587, 95 P. 2d 107.

Our statutes will not authorize a holding that a chattel mortgage of this character is void as against the subsequent purchaser, but to take a mortgage on any article, large or small, included and allowed to remain as part of the stock in trade of the mortgagor who is a general and recognized dealer in such property, and operating a sales establishment for the conduct of retail trade, is highly inconsistent with the usual and ordinary rights of a mortgagee, and such conduct will constitute a waiver of the protection of constructive notice afforded by the filing statute.

By cross-petition in error the defendant attacks the order overruling his motion to retax costs in the nature of attorney fees.

In this connection it is asserted that the defendant was the successful party in an action to enforce a lien and that under section 11021, O. S. 1931, 42 Okla. Stat. Ann. § 176, and section 10940, O. S. 1931, 42 Okla. Stat. Ann. § 5, he was entitled to an attorney fee as a part of the costs.

But plaintiff says the question may not be reviewed since the defendant failed to file a motion for new trial. Plaintiff cites National Cash Register Co. v. Stockyards Cash Market, 100 Okla. 150, 228 P. 778, wherein the court indicated that a motion for new trial in such case was necessary. The order overruling the motion to retax attorney's fees as costs was not reviewed in that case because no cross-petition in error was filed and no motion for new trial presented.

We do not feel bound by the statement in that case with reference to the motion for new trial. Failure to file a cross-petition in error was sufficient in itself to deprive the movant of a review of the order. In the instant case such motion was unnecessary to a review of the order. The costs consisted of attorney fees, and the only question determined by the court was one of law independent of any factual issue.

Section 398, O. S. 1931, 12 Okla. Stat. Ann. § 651, says that "a new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. In the instant case no factual issue was before the court on the motion. The question determined was whether the defendant's attorney fee could legally be taxed as costs in such case.

In Clapper v. Putnam Co., 70 Okla. 99, 158 P. 297, this court quoted with approval certain language of the Supreme Court of Kansas in Wagner v. Atchison, T. & S. F. R. Co., 85 P. 299, as follows:

" 'There must always be a "former" verdict, report, or decision determinative of issues of fact to be vacated before there can be a new trial or any necessity for a motion for a new trial.' "

We apply that statement here, and hold that no motion for new trial was necessary.

A reasonable attorney fee should have been allowed the defendant and the same taxed as costs in the instant case. Section 11021, supra, provides that in any action to enforce a lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action. This section is applicable to mortgage liens. Section 10940, supra.

Though the action is one in replevin, its primary object is to "enforce a lien," and is a preliminary and proper step in the process of foreclosing a chattel mortgage by means of advertisement and sale as authorized by law. Section 11273, O. S. 1931, 46 Okla. Stat. Ann. § 53. See Mitchell v. White, 106 Okla. 218, 233 P. 746.

Defendant was successful in the action, and under the statute is entitled to a reasonable attorney fee.

The order denying motion to retax costs is reversed and remanded, with directions to determine and allow reasonable attorney fee for defendant and to retax the same as costs in the case. In all other respects the judgment is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.