OWEN v. MILLER et al.

No. 30112.   Feb. 10, 1942.

*122 P. 2d 140.*

Meacham, Meacham & Meacham, of Clinton, for plaintiff in error.

Thomas A. Edwards and Charles Edwards, both of Cordell, for defendant in error Richmond.

GIBSON, J.   This is an action in replevin by a mortgagee against a subsequent purchaser to recover possession of a farm tractor. Judgment was rendered on the verdict for defendant, and plaintiff appeals.

The mortgagor was also made a party and judgment rendered against him for

the balance due on the mortgage, but he does not appeal.

Plaintiff says the trial court erred in not directing a verdict in his favor for possession of the tractor.

There is evidence to show that the mortgagor, Miller, was a recognized dealer in used tractors and other farm machinery, and maintained a regular place of business for that purpose, and that he purchased the tractor in question from plaintiff to add to his stock in trade. There is also evidence that plaintiff was aware of these circumstances when he sold the tractor to Miller and accepted the mortgage as security for part of the purchase price.

It is further shown that defendant purchased the tractor from Miller in the usual course of trade.

But at the time of the purchase plaintiff's mortgage was on file in the office of the county clerk; and plaintiff was in possession of the certificate of title to the tractor as additional security for the purchase price. At the time of the sale to defendant, Miller told him that he would deliver him a certificate of title within a few days. Defendant made no further investigation.

Plaintiff recognizes the rule that one who purchases a motor vehicle or other stock in trade from a recognized dealer in the usual course of business is ordinarily protected as against the mortgagee of such property who knew the same was being offered for sale to the general public. Ashcraft v. Butts, 185 Okla. 587, 95 P. 2d 107. But it is contended that a purchaser with actual knowledge of the mortgage is not protected, and does not fall within the above rule. In this respect it is urged that the above facts, the filing of the mortgage and Miller's failure to deliver a certificate of title at the time of the sale, were sufficient to constitute actual notice to defendant of the existence of the mortgage. These facts, says the plaintiff, were sufficient to put a reasonably prudent man on his guard, and the failure of Miller to furnish a certificate of title would call for an inquiry and investigation into his title and would have led to a discovery of plaintiff's claims. The rule is stated in Ponder v. Beeler Motor Co., 186 Okla. 88, 96 P. 2d 65, as follows:

" 'Actual notice' consists of direct positive knowledge of the fact in question, or of such information as would be sufficient to put a prudent person on inquiry as to the fact in question. Such information constitutes notice of everything which such inquiry pursued in good faith would ordinarily disclose."

The rule concerning the rights of purchasers in cases of this character is stated in Ashcraft v. Butts, supra, as follows:

"A chattel mortgage given by a dealer in automobiles on a part of his stock in trade to a mortgagee who knows the property is being offered for sale to the public is ineffective as against a purchaser from such dealer in the usual course of business."

A purchaser in the usual course of business as there referred to means only the one who in good faith acquires the property in the usual course of trade without actual knowledge of the mortgage. This is indicated in the opinion, and so held in our later decisions. But the burden is on the mortgagee to show bad faith and actual knowledge of the mortgage on the part of the purchaser. Rogers County Bank v. Cullison, 186 Okla. 373, 98 P. 2d 612. The rule is there stated as follows:

"A chattel mortgage given by a dealer in automobiles on a part of his stock in trade to a mortgagee who knows the property is being offered for sale to the public is ineffective as against a subsequent purchaser who in good faith acquires the property in the usual course of trade, and without proof on the part of the mortgagee that the purchaser had actual knowledge of the mortgage."

This rule is founded upon waiver by the mortgagee of the protection of constructive notice afforded by the filing statutes (secs. 11277, 11279, O. S. 1931, 46 Okla. Stat. Ann. §§ 57, 58). Id.

In view of the fact that Miller was a recognized dealer, his promise to deliver a certificate of title within a few days was not sufficient in itself to put defendant on his guard as against claims of third parties. Defendant had a right, in good faith, to purchase the tractor and to rely on Miller's promise to supply him with the statutory evidence of title. He was not aware that the certificate was then in plaintiff's hands. Had he known that fact, and that the certificate still stood in plaintiff's name unassigned to Miller, there might be some merit to plaintiff's contention. We see nothing unusual in a few days' delay on the part of a dealer to furnish certificate of title.

A purchaser in good faith of a motor vehicle from the stock in trade of a recognized dealer is not bound to investigate the dealer's title in anticipation of the unknown claims of a mortgagee or seller of such vehicle who is aware of the aforesaid circumstances existing prior to the sale by the dealer.

Section 26, ch. 50, art. 7, S. L. 1937, the law in force at the time, required an assignment of the certificate by Miller to the defendant. But a valid sale did not depend on such assignment. In such case title may pass without it. McNeil v. Larson, 171 Okla. 608, 43 P. 2d 397.

Plaintiff says there was not sufficient evidence to show that Miller was a recognized dealer. But several witnesses gave their testimony to the effect that Miller maintained a regular place of business in the form of a vacant lot where he kept and sold tractors and other farm machinery, and that he had been a dealer for a number of years. Defendant purchased the tractor at that place. This evidence was sufficient.

It is true, as plaintiff contends, that Miller may have had no dealer's license as required by section 16, art. 7, ch. 50, S. L. 1937. But he was nonetheless a dealer. The obtaining of a license was a matter with which Miller and the state alone were concerned.

Plaintiff has objected to the court's instructions on the above issues of fact.

Apparently the plaintiff is satisfied with the manner in which the court submitted the above issues, except the issue of actual notice on the part of defendant that plaintiff held the mortgage on the tractor. However, as we have stated above, there was no evidence that defendant had actual notice. Since there was no evidence of actual notice or proof of bad faith on the part of defendant, it was proper to restrict the jury to the issues whether plaintiff knew that Miller was a dealer and had acquired the tractor as a part of his stock in trade, and whether defendant had purchased the same in the usual course of business.

There is the further objection that the court erred in submitting to the jury the question whether plaintiff subsequently ratified the sale to defendant.

Plaintiff says there was no evidence to indicate such a ratification, and that the instruction constituted reversible error in that the verdict may have been based on it alone.

There was evidence on this issue. It is shown that Miller subsequent to the sale remitted to plaintiff a substantial portion of the balance on the purchase price. While there is no evidence that plaintiff actually knew of the sale before he accepted the payment, he did learn of it later, and he and Miller reached an agreement as to how the balance should be paid. At that time he made no objection to the sale. His testimony was that he was unaware of the sale until he commenced the present action. But there is evidence that he knew of the same and assented thereto.

Plaintiff contends further that the court erred in allowing defendant an attorney fee on his motion to tax costs.

This argument is based on defendant's failure to ask an attorney fee in his answer. No authority is cited.

In an action of this character the successful party may be allowed an attorney fee as a part of the costs. This is authorized by law. And it is proper for the court to tax the fee on motion. In

Rogers County Bank v. Cullison, supra, we held as follows:

"A replevin action by the chattel mortgagee to recover possession of the mortgaged property is a proper preliminary step in the process of foreclosure of the mortgage lien by means of advertisement and sale in the manner authorized by section 11273, O. S. 1931, 46 Okla. Stat. Ann. § 53, and the successful party is entitled to recover a reasonable attorney's fee to be fixed by the court and taxed as costs in the action (sec. 11021, O. S. 1931, 42 Okla. Stat. Ann. § 176; sec. 10940, O. S. 1931, 42 Okla. Stat. Ann. § 5)."

The judgment is affirmed.

WELCH, C. J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur. OSBORN, J., concurs in syllabus parags. 1 and 2, dissents to syllabus parag. 3. CORN, V. C. J., and ARNOLD, J., absent.