**BOB HARPER FINANCE CO.**
**v. LESTER et al.**

No. 35025.  July 8, 1952.

Rehearing Denied July 23, 1952.

*246 P. 2d 362.*

Washington & Thompson, Oklahoma City, for plaintiff in error.

Jerome Sullivan, Duncan, for defendants in error.

DAVISON, J. The Bob Harper Finance Company, a corporation, as plaintiff, brought this action in replevin against Bob Lester and Vivian Lester, as defendants, to recover the possession of a 1948 Pontiac automobile under the provisions of a chattel mortgage covering the same. The parties will be referred to as they appeared in the trial court.

On December 23, 1948, one Earl Dixon, a resident of Duncan, Stephens county, Oklahoma, purchased the automobile, here involved, from a used car dealer at Oklahoma City, giving a note secured by mortgage on the property in the principal amount of $2,340, as a part payment of the purchase price. The mortgage was filed in Stephens county a few days after its execution, having been purchased by, and assigned to, the plaintiff herein. After three payments had been made on the indebtedness the mortgagor defaulted and, on May 10 1949, this action was filed against the defendants, Lesters, also residents of Stephens county, who were in possession of the car claiming title thereto.

For defense, the defendants rely upon a waiver of plaintiff's lien by virtue of the alleged facts that the automobile was sold to Earl Dixon as a part of his stock in trade as a recognized "second hand used car dealer for the purpose of re-sale to the general public," all of which was well known to the mortgagee. Defendants alleged that these acts constituted a waiver, an estoppel and an attempt to perpetrate a fraud. The defendants further alleged that they purchased said automobile in the regular course of trade for a valuable consideration without knowledge of plaintiff's mortgage. A trial was had to a jury resulting in a verdict and judgment for defendants, from which plaintiff has perfected this appeal.

The sole question presented here is as to the sufficiency of the evidence to support the verdict and judgment. The law in this jurisdiction governing in such situations is definitely established, having been somewhat of an evolution or expansion of the original rule stated in the early case of Bank of Perry v. Cooke, 3 Okla. 534, 41 P. 628, as follows:

"Where, at the time of the execution of a chattel mortgage, it is understood and agreed between the parties that the mortgagor shall be allowed to remain in possession of the mortgaged property, and sell and dispose of the same in the ordinary course of trade, and apply the proceeds to his own use, the mortgage is absolutely void as to creditors of the mortgagor."

The rule is an exception to that of caveat emptor and limits the effect of statutory provisions as to constructive notice of chattel mortgages afforded by the proper filing thereof. (46 O.S. 1941 §§57 and 58). Because of the development of trade and the possibility of purchasers being the victims of fraud, the rule has been extended by the application of the principles of waiver and estoppel against the rights of mortgagees. As recently applied by this court in the case of Owen v. Miller, 190 Okla.

205, 122 P. 2d 140, it was expressed in the following words:

"1. A chattel mortgage given by a dealer in automobiles on a part of his stock in trade to a mortgagee who knows the property is being offered for sale to the public is ineffective as against a subsequent purchaser who in good faith acquires the property in the usual course of trade, and without proof on the part of the mortgagee that the purchaser had actual knowledge of the mortgage."

To the same effect are the cases of Howell v. Board et al., 185 Okla. 513, 94 P. 2d 830; Ashcraft v. Butts, 185 Okla. 587, 95 P. 2d 107; Rogers County Bank v. Cullison, 186 Okla. 373, 98 P. 2d 612. Defendants cite the case of Al's Auto Sales v. Moskowitz, 203 Okla. 611, 224 P. 2d 588, but it has no application herein since it did not involve either a conditional sales contract or a chattel mortgage or constructive notice afforded by compliance with the filing statutes.

In such cases the rule is not founded upon fraud or a possibility thereof, but, as was said in Owen v. Miller, supra, "This rule is founded upon waiver by the mortgagee of the protection of constructive notice afforded by the filing statutes." In all cases where the rule has been applied, five elements have been considered prerequisite, namely: the mortgage must have been given by a recognized dealer in similar articles; the mortgaged article must have been a part of the stock in trade of the mortgagor or intended to be so; the article must have been offered for sale to the general public; these facts must have been known to the mortgagee; and the purchaser from the mortgagor must have been an innocent purchaser without actual notice of the mortgage, acquiring the property in good faith in the usual course of trade. Since the defense is of a waiver or a form of estoppel, it is necessary that the party relying thereon plead and prove it. The rule is stated in 31 C.J.S. 456, that:

"The burden of proving waiver is on the party alleging and relying on it."

This rule was in effect approved by this court in the case of Clem Oil Co. v. Oliver, 106 Okla. 22, 232 P. 942. And in California, in a case wherein this defense was relied upon by a purchaser from a conditional vendee as against the conditional vendor in an action for possession of an automobile, the court said:

"The burden rests upon a party asserting an estoppel to prove all the elements constituting it. * * * mere possession of an automobile by a dealer being insufficient to establish an estoppel against his vendor in favor of a purchaser." Calif. Standard Finance Corp. v. Riverside Finance Co., 111 Cal. App. 151, 295 P. 555.

In the case at bar, the evidence was very unsatisfactory that, at the time of execution of plaintiff's mortgage, the said Earl Dixon was a recognized used car dealer with a stock in trade. Two witnesses testified that he had no used car lot or place of business in the month of December, 1948. The good faith of the dealer who sold the car to him and of plaintiff herein cannot be questioned. Several days were necessary for completing the transaction. A financial statement was required of Dixon and in completing it he designated himself as a cafe owner. This information was verified by the mortgagee by confidential reports from persons living in Duncan, Oklahoma. It seems that the said Dixon did own and operate a cafe there but also bought and sold a few used cars on the side. Nothing in the record indicates that any information as to his car sales activity was ever given plaintiff or his transferor or that there were any facts from which they should have known he was a dealer or that the automobile would become a part of his stock in trade for sale to the general public.

There being no proof of these two essential elements of waiver, and the burden of proving such waiver resting

upon the defendants who alleged and relied on it, the judgment is not supported by competent evidence.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

HALLEY, V.C.J., and WELCH, GIBSON, and JOHNSON, JJ., concur.