## REDDEN v. HALEY.
### No. 35838.

Supreme Court of Oklahoma.
March 23, 1954.

Chrysler sedan in the possession of said defendant which mortgage had been executed by one H. Beard to secure a promissory note executed to plaintiff on which there was due the sum of $1,438 with interest. Defendant answered alleging that he was an innocent purchaser in good faith and asserting waiver and estoppel against plaintiff.

In support of the allegations of his petition plaintiff's evidence reasonably tends to show that he lived in Tulsa' and had been engaged in the automobile finance business for 26 years; that he had known one H. Beard about a year and a half prior to June 2, 1951; that he knew that said H. Beard was a licensed Chrysler-Plymouth dealer at Bristow in Creek County; that he knew Beard sold 10 to 12 new cars per month; that prior to June 2, 1951, he had made two loans to Beard, one on a 1951 Plymouth sedan which had been paid off and the other on a 1950 Chrysler 4-door sedan which had not been paid off; that Beard had come well-recommended to him by two other automobile dealers; that on June 2, 1951, Beard came to him wanting to borrow money on a new 1951 New Yorker 4-door sedan; that he did not inspect the car offered as collateral except to glance at it through a window; that he did not check the license tag nor did he ask to see the registration certificate on the car; that Beard gave as his address where he lived as being in Tulsa; that Beard paid him by checks drawn on Beard Motor Company; that Beard told him the new car had been purchased for Beard's wife's use; that Beard did not tell him he intended to take the car to Bristow and expose it to the public for sale; that he had never examined this car nor the other two on which he made loans to see whether they bore a dealer's tag or not; that he did not check the records of Creek County where Beard's business was to see if any of Beard's cars were mortgaged; that he did not see the car after he took the mortgage on it; that Beard had two cars one of which he used and one of which his wife used and he never noticed which one Beard used; that he first learned that Beard had sold the car in about October,

---

J. M. Winters, Jr., Horace D. Ballaine, Hess Crossland, Tulsa, for plaintiff in error.

Ray S. Fellows, Charles R. Fellows, Tulsa, for defendant in error.

ARNOLD, Justice.

J. W. Redden, a sole trader doing business as Redden Investment Company, brought this action in the Court of Common Pleas of Tulsa County against defendant Kenneth W. Haley to foreclose a chattel mortgage on a 1951 New Yorker

1951; that he tried to call Beard but learned he had left on a hunting trip; that Beard was killed in an airplane accident returning from this hunting trip on October 15, 1951; that he had not filed a claim against Beard's estate because he had learned it was insolvent; that Beard was a sole trader doing business under the name of Beard Motor Company; that Beard married the second time on July 3, 1951; that prior to his second marriage he had lived with his first wife in Bristow; that Beard obtained a divorce a few days before his second marriage; that Beard thereafter married his second wife in Arkansas and came to live at her home in Tulsa; that Beard used the car in question some but his wife used it more that he did and she considered it her car, although she never received a bill of sale or title thereto and it bore a dealer's license tag on it at all times; that she did not object to the sale of the car and got none of the purchase money.

Defendant's evidence reasonably tends to show that he had been trying to find a Chrysler New Yorker; that he could not obtain one in Tulsa and had his wife start calling all the Chrysler dealers within a radius of 75 miles to see if such a car could be located; that she called various dealers by long distance; that she called Bristow and asked to be connected with the Chrysler dealer there; that from this dealer she learned he had two cars, one a New Yorker and another one which was higher priced and which they did not want; that the dealer told her the New Yorker had been used some as a demonstrator but they agreed to look at it anyway; that the dealer, Beard, told her he was coming to Tulsa that afternoon and would bring the car for their inspection, which he did; that the car had a dealer's tag on it and the speedometer showed it had been driven about 1,600 miles; that the defendant kept the car overnight and drove it and inspected it; that the next day defendant delivered the car back to Beard at the address in Tulsa at which Beard had told them he would be staying overnight; that defendant and Beard concluded a deal for the car, whereby Beard replaced the tires which had been originally on the car, repaired some minor scratches and serviced it; that the next day, July 23, 1951, Beard delivered the car to their home, together with an original certificate of title, excise tax receipt, and application for automobile registration which asserted there were no liens on the car; that he made no search of the records of Tulsa county to see whether there was a mortgage of record against the car; that he paid Beard cash for the car plus a 1935 Dodge as a trade-in; that he also received an owner's service policy on the car; that at the time he made the deal with Beard he met Mrs. Beard who remarked she had been driving the car some and hated to part with it; that he told Mrs. Beard that perhaps in the next shipment she would get another car to drive because Beard had saved his demonstrating tires to put on the next car that came into his dealer's room; that Beard had given him a small reduction in price because Beard told him he had been using the car for demonstration purposes; Beard's mechanic testified that Beard used this car as a demonstrator and had always used demonstrator cars some for his personal use as well as to demonstrate to the public and always kept dealer's tags on such demonstrators; that this demonstrator was not kept on the floor but when it was at Bristow was kept parked in the Service Department.

The court rendered judgment for defendant and plaintiff appeals.

Plaintiff admits that defendant was an innocent purchaser but makes the sole contention here that the evidence was insufficient to sustain defendant's assertion of waiver and estoppel. He relies entirely upon the case of Bob Harper Finance Co. v. Lester, 206 Okl. 684, 246 P.2d 362, which holds that in order for a mortgagee to have waived the protection of constructive notice afforded by the filing statutes five elements must be present: that the mortgage must have been given by a recognized dealer in similar articles, which plaintiff admits was true here; that the mortgaged article must have been a part of the stock in trade of the mortgagor or intended to be so; that the article must have been offered for sale

to the general public; that these facts must have been known to the mortgagee; that the purchaser must have been an innocent purchaser without actual notice of the mortgage acquiring the property in good faith in the usual course of trade, which plaintiff admits was the case here. However, plaintiff contends that the evidence is insufficient to sustain the second, third and fourth requirements; that there is no evidence that the mortgagee knew that Beard intended to put the car in his stock in trade or that Beard actually ever did put the car on his floor; that there is no evidence that Beard offered the car for sale to the general public.

In the Harper case relied on by plaintiff the mortgagor was not a recognized used car dealer with a stock in trade and the mortgagee had no knowledge that the mortgagor was a dealer or that the automobile would become a part of his stock in trade for sale to the general public.

 Here plaintiff was an experienced auto finance man; he knew Beard was a recognized Chrysler-Plymouth dealer and that his place of business was in Bristow, Creek County; though knowing as such auto finance man and indeed as the general public knows that such new car dealers always use certain of their stock in trade as demonstrators to the general public and knowing that such demonstrator cars always carry a dealer's tag he made no check to see whether this car bore such tag; he did not ask to see the car's title or registration slip. Nor is plaintiff's argument that the car, even though used as a demonstrator, was not a part of Beard's stock in trade tenable. It is common knowledge that such demonstrator cars, though used for a time for advertising purposes, are offered for sale by all dealers at a discount after they have served their purpose as such demonstrators. Such cars are as much a part of a dealer's stock in trade as any new car on the floor which is never used as a demonstrator. Plaintiff by his conduct created circumstances which enabled Beard to sell the car and obtain an original title thereto which showed no lien on the car. Plaintiff is estopped to assert his lien against defendant, who is admittedly a subsequent bona fide purchaser for value without actual notice of the mortgage. See Ashcraft v. Butts, 185 Okl. 587, 95 P.2d 107; Howell v. Board, 185 Okl. 513, 94 P.2d 830; Rogers County Bank v. Cullison, 186 Okl. 373, 98 P.2d 612; Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588.

Affirmed.

CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.