Wiley J. ADAMS, Plaintiff in Error,

v.

NATIONAL CASUALTY COMPANY, Defendant in Error.

No. 37075.

Supreme Court of Oklahoma.

Jan. 15, 1957.

Rehearing Denied Feb. 26, 1957.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Milton R. Elliott, Charles E. Dierker, Oklahoma City, for plaintiff in error.

Looney, Watts, Looney, Welch, Hamill & Nichols, Oklahoma City, for defendant in error.

PER CURIAM.

This action was brought by the plaintiff, Dr. Wiley J. Adams, against the defendant, National Casualty Company, to recover the amount alleged to be due the plaintiff under the provisions of a group insurance contract made by the defendant with the American Dental Association of which the plaintiff was one of the insured members. A trial was had to a jury who returned a verdict for the defendant upon which judgment was rendered. The parties are referred to as they appeared in the trial court.

The plaintiff alleged and proved a prima facie case of liability by the defendant as the result of a heart attack suffered by the plaintiff after the policy was effective. In answer to the plaintiff's petition, the defendant pleaded a general denial and also denied liability upon the ground that the policy was procured by false and fraudulent representations. It tendered a return of the premiums collected. The allegations of the answer were controverted by the reply of the plaintiff.

In the course of proving his case, the plaintiff introduced a copy of the application which was sent to the insurer by the plaintiff in response to the solicitations of his professional organization. One of the questions asked him was: "To the best of your knowledge and belief, are you now in good health and free from any physical impairment or disease? (Give details or all exceptions)." His answer was: "Yes (No exceptions)." During the course of the cross examination of the plaintiff it was disclosed that he had been receiving payments from the government for a service connected disability since shortly after World War I and that this disability rating had been increased from 10% to 30% in 1950. The basis of the disability rating was migraine headaches. At the conclusion of the plaintiff's testimony, the defendant rested and offered no other evidence in support of its answer.

In view of our conclusion it is unnecessary to discuss many of the assignments

of error urged by the plaintiff, for we are sure, from the effort given the preparation of the briefs, that the same questions will not arise upon a new trial.

There can be no doubt that a material false representation is a ground for the avoidance of an insurance policy, for such a misrepresentation by the insured renders the contract voidable at the option of the insurer just as in any other contract. However, the burden is upon the insurer, when relying upon a defense of misrepresentation, to plead and prove the facts necessary to sustain its defense. This obligation is also applicable where the insurer defends upon the basis of the concealment of a material matter or fraud in the procurement of the policy. "It has thus been stated that the insurer must prove the representations made, their falsity, materiality, and reliance thereon by the insurer, * * *" Appleman: Insurance Law & Practice, Vol. 20, sec. 11978. In 29 Am.Jur., "Insurance", sec. 524, after discussing the question of the materiality of the misrepresentation, the author continues: "At any rate, a misrepresentation must have been relied upon by the insurer, if it constitutes a ground for avoiding the policy." The defendant recognized its burden by pleading the materiality of the statement and its reliance thereon in issuing the policy. Yet, if we assume that the statement in the application could be used to prove its case, and although the defendant extracted testimony on cross examination that would tend to establish the necessary fraud, it did not introduce any evidence in its own behalf to comply with the remainder of its burden of proof. There were no provisions in the certificate of insurance or in the application for the policy by the insured that stated that the policy was issued in reliance upon the insured's statements. Neither was there any testimony to support a conclusion that the policy was issued in reliance on the statements contained in the application. In Metropolitan Life Ins. Co. v. Bates, 213 S.C. 269, 49 S.E.2d 201, 208, the court noted

that the trial court seemed to consider only the question of whether the statements were false or not, and then stated: "He apparently overlooked and omitted from his consideration materiality, reliance, scienter and fraudulent intent. And thereby, doubtless, he was led into the error of directing the verdict. * * * and like the lower court, respondent practically ignores in argument the other components necessary to constitute this a valid ground of avoidance of the policy." In an early case, Continental Casualty Co. v. Owen, 38 Okl. 107, 131 P. 1084, 1088, this court said:

"* * * Indeed, it may be said that it is well settled that, to avoid a policy for misrepresentation, the false statement must have been made willfully and with intent to deceive, and must have been relied on by the insurer. * * *"

The defendant failed to meet its obligation to prove the elements of its affirmative defense. United Ben. Life Ins. Co. v. Knapp, 175 Okl. 25, 51 P.2d 963; Pence v. United States, 316 U.S. 332, 62 S.Ct. 1080, 86 L.Ed. 1510; Schiller v. Metropolitan Life Ins. Co., 295 Mass. 169, 3 N.E.2d 384. The verdict of the jury is not sustained by the evidence. The judgment is erroneous. Bob Harper Finance Co. v. Lester, 206 Okl. 684, 246 P.2d 362.

Inasmuch as the period of time for which the plaintiff was disabled was not agreed upon, was contested by the answer, and was uncertain from the evidence, the judgment must be reversed with directions to grant the plaintiff a new trial on that sole issue.

Reversed with directions.

DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

WELCH, C. J., CORN, V. C. J., and JOHNSON, and CARLILE, JJ., dissent.

The court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a ten-

tative opinion was written by Commissioner James H. Nease, and approved by Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.