Victoria V. LINTON, Julia Kowal, and Sam
Salam, Copartners, d/b/a Travelite Trailer
Company of Texas, Plaintiffs in Error,

v.

CITIZENS STATE BANK, a Corporation,
and H. F. Porter and Hazel Porter,
Defendants in Error.

No. 39384.

Supreme Court of Oklahoma.

Jan. 9, 1962.

See also 361 P.2d 1071.

Paul W. Brightmire, Tulsa, for plaintiffs
in error.

Robert L. Cox, Oklahoma City, for defendant in error, Citizens State Bank.

Frank M. Rowell, Jr., Tulsa, for defendants in error H. F. Porter and Hazel Porter.

JOHNSON, Justice.

This action was commenced by Victoria V. Linton, Julia Kowal and Sam Salam, doing business as Travelite Trailer Company of Texas, hereinafter called Travelite, to obtain possession of or the value of an automobile trailer sold by W. Bert Davidson, doing business as West Tulsa Trailer Sales, hereinafter called Davidson, to H. F. Porter and Hazel Porter, hereinafter called Porter. Judgment was for the defendants, and plaintiffs appeal.

The evidence discloses that Travelite delivered an automobile trailer to Davidson on June 17, 1957, which was offered for sale at Davidson's lot. On July 12, 1957, Davidson sold the trailer to Porter, and on the same date the note and mortgage covering the sale of the trailer was sold to the defendant Citizens State Bank. Davidson appropriated the money. The evidence further discloses that Davidson is bankrupt; that it was the purpose of Travelite to sell the automobile trailer to Davidson for cash but that Davidson did not have the money to pay the agent delivering the trailer. The agent called Travelite by telephone and was instructed to leave the trailer with

Davidson but return the invoice of the trailer. The invoice was left with Davidson. It was returned at an undisclosed date to Travelite. Nothing was recorded in Tulsa County disclosing Travelite's interest.

We have discussed the sale of personal property by dealers to a purchaser in similar cases. In Bob Harper Finance Co. v. Lester, 206 Okl. 684, 246 P.2d 362, 363, the court in discussing the rights of a purchaser from the dealer stated:

> "The rule, that a chattel mortgage given by a dealer in automobiles on a part of his stock in trade to a mortgagee who knows the property is being offered for sale to the public is ineffective as against a purchaser from such dealer in the usual course of business, is founded upon waiver by the mortgagee of the protection of constructive notice afforded by the filing statutes."

In M. B. Thomas Auto Sales, Inc. v. Pickle et al., Okl., 305 P.2d 550, in sustaining the right of a purchaser from a dealer in possession of a motor vehicle we stated:

> "Where an owner of automobiles permits a dealer in them to have them in his possession at his sales place under circumstances that indicate his authority to sell, and said dealer sells them to a second dealer who is a bona fide purchaser for value without notice of any defect in the title, the owner is estopped to assert title to the automobiles as against said second dealer."

 In Al's Auto Sales v. Moskowitz et al., 203 Okl. 611, 224 P.2d 588, 589, Moskowitz purchased an automobile from Cross Motor Company. Al's Motor Sales had delivered the automobile to Cross Motor Company but retained the certificate of title, which was attached to a draft drawn on the Cross Motor Company. The draft was dishonored. In holding for the purchaser Moskowitz, it is stated:

> "An alleged owner of an automobile, who permits a dealer in automobiles to have the car at his sales place under circumstances that indicate authority to sell, is estopped to assert his title against a bona fide purchaser for value and without notice of any defect of title."

Porter purchased the trailer from Davidson under circumstances which protected Porter from any claim by Travelite. The trial court did not err in entering judgment for Porter.

 Inasmuch as we have held that Porter as a purchaser in the regular course of business is protected, it must follow that the mortgage from Porter, now held by Citizens State Bank, is valid, and the bank is likewise protected.

Judgment affirmed.

BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.