**HUDIBURG IMPORTED CARS, INC.,**
a Corporation, Plaintiff in Error,

v.

**R. E. HART,** Defendant in Error.

No. 39612.

Supreme Court of Oklahoma.

June 11, 1963.

Edward H. Ferrish, H. Lee Smith, Norman, for plaintiff in error.

William A. Vassar, Chandler, for defendant in error.

PER CURIAM.

In the trial court, plaintiff R. E. Hart sued defendant Hudiburg Imported Cars, Inc., in an action for damages for fraud.

Hart's petition alleged, in substance, that he had been fraudulently induced by an agent of defendant to sign a conditional sale contract for the purchase of an automobile; that he signed a printed form of contract containing blanks that had not been filled in; that he signed it only after representations that it would be filled in for $1100.00; that thereafter, defendant's agents or employees filled in the contract for $1707.48. He asked for damages in the amount of $607.48 in his first cause of action. The trial court sustained a demurrer to his second cause of action for punitive damages, and no complaint is made in this regard.

Verdict and judgment were for plaintiff in the amount of $607.48 and defendant appeals.

The evidence shows that the arrangements for the purchase of the car were made by Merton Hart, the minor son of plaintiff. In March, 1960, he went to defendant's place of business and talked with salesmen about the purchase of an automobile. Because of the fact that Merton Hart was a minor, or because defendant required a co-signer on the contract, one of the salesmen talked by phone with the father, in Lincoln County, plaintiff R. E. Hart, and he agreed to sign the contract. The next day the son, the salesman and the son's wife drove to the father's farm where he signed the contract. Plaintiff testified that the salesman assured him at that time that the contract would be filled in for $1100.00.

Thereafter the transaction was completed and the automobile was delivered to the son. About three weeks later, when the "payment book" was received from Commercial Credit Corporation, plaintiff began an investigation which revealed that the "time balance" shown on the contract was $1707.48 instead of $1100.00. He then began this action for damages for fraud, which resulted in judgment in his favor. Note that neither the son nor the finance company is a party to this action.

On appeal, defendant argues several propositions, one of which is that the evidence was insufficient in that plaintiff failed to prove that he had been damaged. The line of reasoning is that plaintiff in fact was only a surety for his son in the transaction; that there was no evidence that

the son had defaulted in his obligation, or that the father had had to make the payments for him. The record sustains this argument.

Plaintiff's answer to this argument is that the father is in fact a principal obligor on the contract, and is now primarily and irrevocably liable for the payments called for, because the contract has been assigned to Commercial Credit Corporation, an "innocent purchaser in due course", and he is now precluded from showing, as against the finance company, that his signature was procured by fraud. By his use of the phrase "innocent purchaser in due course", we assume that plaintiff means "holder in due course" within the meaning of the Uniform Negotiable Instruments Law.

In other words plaintiff bases his argument and theory of recovery upon the proposition of law that the assignment of the contract to Commercial Credit Corporation makes him unconditionally liable to that company for $1707.48 and that the assignment has in practical effect divested him of any defenses he has or had against Hudiburg Imported Cars, Inc.; that because of the fact that Commercial Credit Corporation is an innocent purchaser in due course and that plaintiff has no defense to its claim for $1707.48 that plaintiff has, of necessity, been damaged.

■ While we must examine this contention it is recognized that our conclusions will have no binding effect upon the finance company which is not a party to this action.

■ If the conditional sales contract concerned is a negotiable instrument, the finance company might be entitled to the protection afforded an "innocent purchaser" or "holder in due course" under the Uniform Negotiable Instruments Law (which had not been superseded by the Uniform Commercial Code when the cause of action arose). Although it might be theoretically possible for a conditional sales contract to be a negotiable instrument, such is not usually the case and is not the case here. The contract before us contains agreements by the purchaser to pay taxes, to procure insurance from a company approved by the seller, not to remove the car from the "filing district" in which the address of the purchaser is located without the written consent of the seller, and other terms and conditions "in addition to the payment of money". In this connection, see 48 O.S. 1961 § 25, which provides that "An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. * * *" The assignee of a conditional sales contract stands in the shoes of his assignor, and defenses which the vendee would have against the assignor are available against the assignee. 47 Am.Jur. Sales, Sec. 929; Selected Investments Corporation v. Lester, Okl., 327 P.2d 668. See also 12 O.S.1961 § 222, which provides:

"In the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off *or other defense* now allowed; but this section shall not apply to negotiable bonds, promissory notes, or bills of exchange * * *." (Emphasis supplied.)

The contract before us is not a negotiable bond, promissory note or bill of exchange.

■ This action for damages was prematurely brought, and plaintiff based his theory of damages upon an erroneous proposition of law. There is no evidence of any damages sustained by plaintiff. A verdict and judgment not supported by any competent evidence must be reversed on appeal when attacked for insufficiency of the evidence. Bob Harper Finance Co. v. Lester, 206 Okl. 684, 246 P.2d 362.

The statutory authority for the courts to grant relief by declaratory judgments was not effective at the time of the trial and judgment in this case (12 O.S.1961 §§ 1651–1652), and in view of the provisions of Article 5, Section 52, Oklahoma Constitution, it seems unlikely that this court is authorized to modify the judgment of the trial court and grant declaratory relief in this case. In any event such procedure has not been suggested by counsel.

In view of the conclusion reached, it is unnecessary to discuss the other propositions advanced by the parties.

The judgment of the trial court is reversed.

The Court acknowledges the aid of Supernumerary Judge W. LESLIE WEBB in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.