Karl KROEGER and H. A. Kroeger, Co-partners, d/b/a Karl Kroeger Finance Company, Plaintiffs in Error,

v.

Vern L. GORE and Dewey County State Bank of Taloga, Oklahoma, Defendants in Error.

No. 40263.

Supreme Court of Oklahoma.

Jan. 6, 1967.

O. B. Martin, Oklahoma City, for plaintiffs in error.

Herbert D. Smith, Alva, for defendants in error.

HALLEY, Chief Justice:

Karl Kroeger and H. A. Kroeger, copartners doing business as Karl Kroeger Finance Company, hereafter called Kroeger, brought this replevin action against Vern L. Gore, hereafter called defendant. Dewey County State Bank of Taloga, Oklahoma, hereafter called Bank, was allowed to intervene in the case.

The facts giving rise to this controversy were stipulated by the parties and are not in dispute. The 32 foot trailer which is the subject of the action was sold by Truck & Trailer Sales, Inc., an authorized retailer in new and used trucks and trailers, to one C. H. Mauldin on March 30, 1960. Mauldin executed his note and chattel mortgage for the purchase price to Truck & Trailer Sales, Inc., who, in turn, for a valuable consideration, assigned them to Kroeger. These instruments were filed of record on April 5, 1960, in Oklahoma County, which was the residence of Mauldin and Truck & Trailer Sales, Inc.

Mauldin was to make payments of $180.00 each month starting on May 10, 1960. He defaulted on the first payment, but did make some partial payments totaling $180.00 by September 30, 1960. Thereafter he made no more payments. The trailer was repossessed by Truck & Trailer Sales, Inc. at a date prior to March 5, 1961 and title to the trailer was re-assigned to Truck & Trailer Sales, Inc.

On March 5, 1961, Truck & Trailer Sales, Inc., without the knowledge or consent of Kroeger, for a good and valuable consideration, sold the trailer to the defendant, who had no actual notice of any defect in the title. At the time of the sale to the defendant, Mauldin was approximately nine monthly payments in arrears on the note and chattel mortgage. There is no showing that Kroeger had filed any action for replevin of the trailer or for the recovery of the past due payments up to that time.

Defendant took the trailer to Woods County, the place of his residence. His purchase was financed by the Bank, which took from the defendant a note and chattel mortgage as security. This note and chattel mortgage was filed in Woods County on March 15, 1961. Defendant used the trailer until the instant action was filed on October 5, 1961. While this action was pending the parties agreed that the trailer could be sold and the proceeds of the sale deposited with the court clerk of Woods County to await final disposition of this action.

Kroeger's petition alleged that, by reason of the chattel mortgage executed by Mauldin and his default in payments, possession of the trailer should be returned to Kroeger. Defendant and the Bank in their answers contended that the trailer was sold in the ordinary course of business and that Kroeger should be denied possession of the trailer. Upon these facts and pleadings, the trial court entered judgment for the defendant. Kroeger brings this appeal.

Kroeger's argument on appeal is that its chattel mortgage on file in Oklahoma County operated as notice to all subsequent purchasers and encumbrancers under the provisions of 46 O.S.1961, Sec. 58, and that the trial court erred in rendering judgment in favor of defendant.

Kroeger's reliance on the above statute is misplaced, as this matter is governed by the provisions of 46 O.S.1961, Sections 91–94. This statute was enacted in 1947 and was in force and effect at all times material hereto. 46 O.S.1961, Sec. 93, provides as follows:

"All goods, wares and merchandise sold in the ordinary course of trade shall be free of the lien of such mortgage or pledge in the hands of the purchaser thereof."

Although the stipulated facts show that the trailer was sold to defendant by Truck & Trailer Sales, Inc. without Kroeger's knowledge or consent on March 5, 1961, there is no showing that Kroeger was without knowledge that Truck & Trailer Sales, Inc., (the original mortgagee) had repossessed it and had possession of it. The fact that Mauldin was nine months in arrears on his payments alerted and warned Kroeger that the trailer was back in the possession of the dealer and that it would be sold again to an innocent purchaser in the ordinary course of trade.

In Stemmons, Inc. v. Universal C.I.T. Credit Corporation, Okl., 301 P.2d 212, the credit company had taken a chattel mortgage on an automobile owned by McBee, an automobile dealer. McBee sold it to Hollis, also an automobile dealer. Hollis sold it to Stemmons, another automobile dealer. We held that, since these sales were in the ordinary course of trade, Stemmons took the automobile free from any liens, under the authority of Section 93, supra.

In M. B. Thomas Auto Sales, Inc. v. Pickle, Okl., 305 P.2d 550, an automobile dealer, (M. B. Thomas) delivered six automobiles to Gibson, another automobile dealer, with an agreement that title should not pass until they were paid for by Gibson. Gibson did not pay for them, and he sold them to innocent purchasers for value. There we held that Thomas was estopped from asserting title to the automobiles as against the innocent purchasers. We quoted, with approval, language from the Stem-

mons case, supra, in which we cited 46 O.S.1961, Sec. 93.

The case at hand and the case of Gripe et al. v. Sinor et al., Okl., 416 P.2d 902, differ from each other on a factual basis and are therefore distinguishable and our opinion herein shall no wise be deemed to overturn or modify our decision in the Gripe et al. v. Sinor et al. case, supra.

In many other cases, even without the benefit of Section 93, supra, we have adhered to the rule which protects a subsequent purchaser for value who has purchased personal property that was a part of the sellers' stock in trade. Linton v. Citizens State Bank, Okl., 368 P.2d 92; Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588; Rogers County Bank v. Cullison, 186 Okl. 373, 98 P.2d 612; Ashcraft v. Butts, 185 Okl. 587, 95 P.2d 107; Howell v. Board, 185 Okl. 513, 94 P.2d 830.

The events with which we are concerned in this appeal occurred before our Commercial Code (12A O.S.1961, Sec. 1–101 et. seq.) became effective and it has no application herein.

The trial court was correct in entering judgment for the defendant in the circumstances shown in the instant case.

Affirmed.

JACKSON, V. C. J., and WILLIAMS, BERRY and HODGES, JJ., concur.

DAVISON, BLACKBIRD and IRWIN, JJ., concur in result.

LAVENDER, J., dissents.

JACKSON, Vice Chief Justice (concurring specially).

The parties in this case have placed an almost impossible burden upon the trial court and this court by an oversimplified stipulation of the facts.

They stipulate that:

" * * * At some time prior to March 5, 1961, the trailer was *redelivered* by him

(Mauldin) to Truck & Trailer Sales, Inc. * * *." (emphasis mine)

They further stipulate that:

"At the time of the *repossession* of the trailer by Truck & Trailer Sales, Inc., from C. H. Mauldin, the paper title was assigned to Truck & Trailer Sales, Inc. * * *" (By Mauldin) (emphasis mine)

What right did Truck & Trailer Sales have to repossess the trailer? The stipulation does not say and I know of none absent Kroeger's consent, unless Truck and Trailer Sales was secondarily liable on the note. The stipulation does not show whether Kroeger did, or did not know, that Truck and Trailer Sales repossessed the trailer; but this would make no difference if Truck & Trailer Sales had Kroeger's permission, or a right to repossess it.

The Mauldin note was made payable to "the order of Truck & Trailer Sales, Inc.," and was endorsed "Truck and Trailer Sales, Inc., and immediately thereunder is the name "L. F. Slaggett". Under the endorsement is the following: "Karl Kroeger Finance Co." (Typed) Karl Kroeger (Signature)."

The briefs do not mention the endorsement on the note and it is not contended that the character of the endorsement has anything to do with a proper decision of this case. The stipulation does not disclose whether Truck and Trailer Sales was secondarily liable on the Mauldin note.

The briefs do not discuss the question of who had the burden of supplying answers to these vital questions by proof.

In reference to the manner in which the trailer came back into possession of Truck and Trailer Sales the parties have used the following words to describe this transfer: "Redelivered" by Mauldin, and "Repossession" by Truck and Trailer Sales. The choice of these words must import some legal significance.

In 76 C.J.S. pp. 176 and 177, Redeliver and Redelivery, are said to be defined, as follows:

"Redeliver. To deliver back another's property."

"Redelivery. A yielding and delivering back of a thing; a turning back to the owner."

In 77 C.J.S. p. 259, Repossess is said to be defined, as follows:

"Repossess. To possess again; to regain or recover possession of. The term has been held synonymous with 'foreclose' see 36 C.J.S. p. 1246 note 24, and has been distinguished from 'dispossess' see 27 C.J.S. p. 351 note 2.1."

In 36A C.J.S. p. 1091, under the word "Foreclose", we find the following statement:

"In particular connections the term [foreclose] has been held synonymous with 'repossess,' and has been distinguished from 'dispossess' see the C.J.S. definition of that term."

From the parties choice of the foregoing words it appears that Mauldin redelivered or turned the trailer back "to the owner", or person rightfully entitled thereto, and that the trailer was repossessed for the purpose of foreclosing the mortgage. Truck & Trailer Sales surely would not repossess (as the term "repossession" is used in the stipulation) or receive the trailer from Mauldin without the prior consent of Kroeger Finance Company, or unless there was a secondary liability on the part of Truck and Trailer Sales for the payment of the note to Kroeger Finance Company.

For the foregoing reasons, and other reasons expressed in the majority opinion, I concur in the result reached by the majority.

I am authorized to state that Williams and Hodges, JJ. concur in the views herein expressed.